(No. 24996.—)

THE AMERICAN OPTICAL COMPANY *et al.* Appellees, *vs.* SAM L. NUDELMAN, Director of Finance, *et al.* Appellants.

*Opinion filed February 20, 1939.*

JOHN E. CASSIDY, Attorney General, (MONTGOMERY S. WINNING, and MARTIN PHILIPSBORN, JR., of counsel,) for appellants.

TAYLOR, MILLER, BUSCH & BOYDEN, MAURICE S. WEINZELBAUM, and PROVINE & WILLIAMS, (JAMES J. MAGNER, and CHARLES R. SPROWL, of counsel,) for appellees.

Mr. JUSTICE ORR delivered the opinion of the court:

The question presented is whether wholesale opticians who manufacture and deliver optical supplies upon prescriptions and orders from optometrists and oculists, are required to pay the Retailers' Occupation tax upon such sales. The question arises upon the complaint of the American Optical Company and sixteen other plaintiffs who secured a permanent injunction in the circuit court of Sangamon county against the Director of Finance and the State Treasurer restraining the collection of such taxes. The plaintiffs were also allowed recovery of all sums previously paid under protest. The case was submitted on the pleadings without the introduction of any evidence. The appeal comes directly to this court because the revenue is involved and the State is an interested party.

The Retailers' Occupation tax act (Ill. Rev. Stat. 1937, chap. 120, pars. 440, 441) lays a tax upon all persons engaged in the business of selling tangible personal property for use or consumption and not for resale. In February, 1938, the Department of Finance revised its rules and regulations to require optical supply houses to pay the Retailers' Occupation tax on all sales of eyeglasses and other optical supplies delivered to optometrists and oculists. It was against the enforcement of this order, designated as rule 32, that the optical supply houses sought and secured their injunction. The complaint shows that after the manufacture and preparation of eyeglasses and other optical supplies to order, the plaintiffs deliver them to optometrists and oculists who, in turn, transfer them to their patients in accordance with their previous arrangements. Were such sales of optical supplies by these plaintiffs to optometrists and oculists for use and consumption and not for resale?

We held in the recent decision of *Babcock* v. *Nudelman,* 367 Ill. 626, that the profession of optometry was not within the terms and provisions of the Retailers' Occupation tax

act even though optometrists and oculists, as an incident to the practice of their profession, transfer personal property for use or consumption. We there recognized that optometrists were licensed by the State and possessed certain minimum requirements of character, education and fitness not required by the State for those who engage in the usual trade or business of selling tangible personal property at retail. We held that it was this special training and high degree of professional skill which distinguished the transactions of an optometrist and oculist and made their examination of their customers' eyes the important objective, with the orders and sales of glasses and frames purely incidental to the other services rendered. We did not hold in the *Babcock case*, as claimed by the Department of Finance, that the furnishing of eyeglasses by an optometrist is not a transfer of tangible personal property for use or consumption. (See *Babcock* v. *Nudelman, supra,* at p. 630.) In *Herlihy Mid-Continent Co.* v. *Nudelman,* 367 Ill. 600, we reviewed previous decisions and pointed out that "not all vendors of personal property are subject to the act. * * * We have eliminated, by construction, certain other types of vendors where the sales involved are a mere incident to the practice of a profession, (*Babcock* v. *Nudelman, post,* 626,) or the performance of personal services requiring skill or artistic ability. (*Burgess Co.* v. *Ames,* 359 Ill. 427; *Adair Printing Co.* v. *Ames,* 364 id. 342; *A. B. C. Electrotype Co.* v. *Ames,* id. 360.) * * * But even if a substantial portion of a business is the selling of tangible personal property, it is not necessarily subject to the tax."

The sales made by plaintiff wholesalers are clearly not sales "for use or consumption" by the optometrists and oculists who purchase them. In *Revzan* v. *Nudelman, ante* p. 180, where wholesalers of rubber heels and leather were involved, we had occasion to consider the meaning of those terms. There, we found "consumption" to mean the use

of economic goods resulting in the diminution or destruction of their utilities. At the same time we said "use" as employed in the statute means long continued possession and employment of a thing to the purpose for which it is adapted, as distinguished from a possession that is merely temporary or occasional. Optometrists and oculists neither use nor consume eyeglasses and other optical supplies within the meaning of these definitions. As an incident of their services they merely furnish such articles to their patients in the same form in which they are supplied by the wholesale opticians. The optical-supply houses are in the same position as plumbing-supply houses (*Bradley Supply Co.* v. *Ames,* 359 Ill. 162) and wholesale houses supplying leather soles and rubber heels to shoe repairers. (*Revzan* v. *Nudelman, supra.*) In both these cases we held that the wholesalers were not making transfers for use or consumption, and that their businesses were not subject to the occupation tax.

The fact that eyeglasses and other optical supplies handled by optometrists and oculists will not be taxed at all unless we hold wholesale opticians liable is of no significance. In answer to this same argument in *Revzan* v. *Nudelman, supra,* we said: "In order to impose a tax on anybody under the act, the facts must bring such party within its terms, without regard to the non-liability of anybody else. To hold that one party is liable to a tax because another party is not liable would be an anomaly in the law."

We are convinced that the sales in issue were transfers of optical supplies for resale and not for use or consumption, and that the business in question is not taxable under the Retailers' Occupation tax act.

The decree is affirmed.

*Decree affirmed.*