(No. 25413.—

P. H. MALLEN COMPANY, Inc., Appellee, *vs.* THE DEPARTMENT OF FINANCE, Appellant.

*Opinion filed December 15, 1939—Rehearing denied Feb. 13, 1940.*

JOHN E. CASSIDY, Attorney General, (MONTGOMERY S. WINNING, MORTIMER PORGES, and PHILIP J. SIMON, of counsel,) for appellant.

HOFFMAN, LUNN & HOFFMAN, (MICHAEL M. PHILLIPS, and RAYMOND I. SUEKOFF, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

The question presented in this case is whether the occupation of one who manufactures and sells medicines and pharmaceutical preparations to physicians, hospitals and sanitariums is taxable under the Retailers' Occupation Tax act of this State.

An assessment for deficiency in tax payments was made by the Department of Finance. This assessment was protested. A hearing was held, and the enforcement officer of the department made a deficiency assessment. In accordance with the act, the company petitioned the circuit court of Cook county for a writ of *certiorari* to review the finding. Accompanying its return to the writ the department filed a transcript of the proceedings had at the hearing. The case was heard and argued on the writ and transcript. The circuit court ordered the record quashed. The department prosecuted this appeal directly to this court on the ground that the State is interested and that the revenue is involved.

The Retailers' Occupation Tax act lays a tax upon all persons engaged in the business of selling tangible personal

property for use or consumption and not for resale. The sales in the instant case were made to purchasers who employed the products in treatment of patients, and occasionally sold them to patients. In *Bradley Supply Co.* v. *Ames,* 359 Ill. 162, a case involving the tax liability of one whose business was selling plumbing and heating supplies to contractors we defined the word "use" employed in the statute and said that the user or consumer contemplated by the statute is the ultimate user or consumer.

In the case of *Revzan* v. *Nudelman,* 370 Ill. 180, where wholesalers of rubber heels and leather were involved, this court said: "Under the rules of statutory construction, the term 'consumption' must be interpreted in its usual and popular meaning—*i.e.,* destruction by use. * * * As employed in the statute here under consideration 'use' means a long continued possession and employment of a thing to the purpose for which it is adapted, as distinguished from a possession and employment that is merely temporary or occasional."

The sales in the instant case were made to purchasers who employed them in treatment of patients, and occasionally sold them to patients. From consideration of the quoted opinions it is clear that unless the purchaser is to be the ultimate user or consumer, or there is to be no further transfer of the property, the seller's occupation is not taxable. *Revzan* v. *Nudelman, supra; American Optical Co.* v. *Nudelman,* 370 Ill. 627.

We agree with appellant's contention that a sale for use and not for resale is within the scope of the act, even though the user may not be the consumer, but appellee's customers in this case do not fall within our established definition of user. Their use is identical with that found in *American Optical Co.* v. *Nudelman, supra.*

Appellant trys to distinguish between sales of optical supplies to an optometrist and sales of medical supplies to a hospital or physician. We do not perceive the line of

demarcation. A doctor or hospital employs medical supplies in the same manner as an optometrist employs lenses and frames, choosing the type or nature of application best suited to help the individual patient.

Reference is made to the fact that on or before July 1, 1933, the department promulgated rules Nos. 34 and 52, stating, in effect, that sellers of drugs, medicines, bandages and the like to hospitals, infirmaries, sanitariums, physicians and surgeons would be liable for payment of tax with respect to receipts from such sales. Appellant contends that the construction placed on a statute by a departmental agency is entitled to great weight in determining its validity or invalidity. We agree with appellant, but courts must not be deprived of their judicial functions, nor can we allow a governmental agency to extend the operation of a statute by administrative regulation. If the act is inadequate the remedy lies with the legislature. In *Peoples Gas Light and Coke Co.* v. *Ames,* 359 Ill. 152, we said: "It is fundamental that taxing laws must be strictly construed. They are not to be extended by implication beyond the clear import of the language used. In case of doubt they are construed most strongly against the government and in favor of the taxpayer."

Objection was made to the testimony of the president and the treasurer of appellee. It is urged that neither was a physician and that, therefore, they were not qualified to describe the method used by physicians and hospitals in dispensing the products sold by appellee. The president had been with the appellee company forty-two years and the treasurer twenty years. These men did not need to be physicians to know the facts about which they testified.

Counsel for appellee suggests that the act itself provides, in section 8, that at the hearings the department is not to be bound by the strict rules of evidence, (Ill. Rev. Stat. 1939, chap. 120, par. 447,) and, therefore, it was not necessary to lay a foundation for this testimony. The

witnesses did not testify as experts but only as to facts they had learned in their dealings on behalf of appellee with physicians and hospitals. The enforcing officer, in ruling on the objections to this testimony, ruled correctly when he permitted the witnesses to state what they knew..

The department contends that since the two witnesses just mentioned testified improperly, there was nothing to rebut the *prima facie* correctness of the corrected tax return. In view of the holding that it was proper to consider the testimony objected to and that it was admissible, this contention falls.

In view of our holdings in *Revzan* v. *Nudelman, supra,* and *American Optical Co.* v. *Nudelman, supra,* we hold that the facts of this case do not bring appellee within the scope of the act.

The judgment of the circuit court of Cook county is right, and it is affirmed.

*Judgment affirmed.*