(No. 27544.— )

Huston Brothers Co., Appellant, *vs.* George B. McKib-
bin, Director of Finance, *et al.,* Appellees.

*Opinion filed March 21, 1944—Rehearing denied May 11, 1944.*

Madigan & Thorsen, Hovey & Ely, both of Chicago,
and Coyle & Ensel, of Springfield, (Robert Thorsen,
of Chicago, of counsel,) for appellant.

George F. Barrett, Attorney General, (Harry L.
Arnold, and William C. Wines, of counsel,) for ap-
pellees.

Mr. Justice Wilson delivered the opinion of the court:

Huston Brothers Co. is engaged in the business of sell-
ing drugs, medicines, pharmaceutical, medical and surgical
supplies, so far as is relevant, to doctors and hospitals
who use these products in the care and treatment of their

patients. In an action instituted in the circuit court of Cook county, captioned Huston Brothers Co. v. Nudelman, No. 39C 10458, a decree was rendered in favor of the taxpayer, finding that it was not engaged in selling at retail and restraining the Department of Finance of the State from collecting retailers' occupation taxes on its sales of medical and surgical supplies to doctors and hospitals. No appeal was prosecuted from this decree, and it has long since become final. When the complaint was filed in the circuit court of Cook county and, also, the day the decree was rendered, section 1 of the Retailers' Occupation Tax Act defined a "sale at retail" as "any transfer of the ownership of, or title to, tangible personal property to the purchaser, for use or consumption and not for resale in any form as tangible personal property, * * *." (Ill. Rev. Stat. 1939, chap. 120, par. 440.) Section 2 imposed then, as now, a tax "upon persons engaged in the business of selling tangible personal property at retail * * *." (Ill. Rev. Stat. 1943, chap. 120, par. 441.) Prior to 1941, section 1 did not define the words "use or consumption." By an amendatory act, approved May 29, 1941, (Laws of 1941, page 1079,) the following definition was added to section 1: " 'Use or consumption,' in addition to its usual and popular meaning, shall be construed to include the employment of tangible personal property by persons engaged in service occupations (including construction contracting and other service occupations of like character,) trades or professions, in the rendering of services, where as a necessary incident to the rendering of such services, transfer of all or of a part of the tangible personal property employed in connection with the rendering of said services is made from the person engaged in the service occupation (including construction contracting and other service occupations of like character), trade or profession, to his customer or client." Thereafter, the Department of Finance (now known as the Department of Revenue) promulgated

rules Nos. 1 and 31 again imposing a tax upon sales of medical and surgical supplies to doctors and hospitals.

August 20, 1941, the plaintiff, Huston Brothers Co., filed its complaint in the circuit court of Sangamon county against the defendants, the Director of Finance, the State Treasurer, and the Attorney General. Subsequently, the complaint was amended. The relief sought was a decree (1) declaring rules Nos. 1 and 31 void to the extent applicable to plaintiff when engaged in selling the products enumerated in its complaint to doctors and hospitals; (2) adjudging unconstitutional the amendment to section 1 of the Retailers' Occupation Tax Act, in so far as it imposes a tax upon plaintiff when engaged in selling its medical and surgical supplies to doctors and hospitals; (3) restraining defendants from transferring to the general revenue fund of the State monies paid by plaintiff, under protest, representing taxes levied under the Retailers' Occupation Tax Act; (4) refunding the taxes so paid, and, (5) enjoining the exaction of taxes on future sales of its products to doctors and hospitals. Defendants answered the complaint, maintaining, so far as pertinent, that the amendment to section 1 of the Retailers' Occupation Tax Act is not vulnerable to the assault on its constitutional validity in the respects challenged. The cause was heard upon the pleadings and a stipulation of facts, and a decree entered dismissing plaintiff's complaint, as amended, for the want of equity and ordering that the temporary injunction issued against the State Treasurer, restraining the disposition of the funds paid by plaintiff and held by him in the protest fund, be continued in full force, pending the final determination of the cause by this court. The present appeal followed.

To obtain a reversal of the decree, plaintiff contends, as alleged in its pleadings, that the amendment to section 1 of the Retailers' Occupation Tax Act violates sections 13 and 22 of article IV and section 1 of article IX of our

constitution and the fourteenth amendment to the Federal constitution, and, in any event, that it sells for resale and, hence, section 1, as amended, if constitutional, does not apply to it.

*Stolze Lumber Co.* v. *Stratton, ante,* p. 334, decided this day, holds that the amendment of 1941 to section 1 of the Retailers' Occupation Tax Act transcends section 13 of article IV of the constitution of this State and is, consequently, invalid. Our decision in *Stolze Lumber Co.* v. *Stratton* is decisive here of plaintiff's contention that the amendatory act contravenes section 13 of article IV of our constitution, and renders unnecessary consideration and disposition of the other issues made and argued by the parties.

The invalid amendment to section 1 of the Retailers' Occupation Tax Act is wholly inoperative. Its enactment leaves the law in force as it existed prior to the addition of the invalid amendment to section 1. (*People ex rel. Barrett* v. *Sbarbaro, post,* p. 581.) Prior to the amendment of 1941, plaintiff was not subject to a tax on the sales of its products to doctors and hospitals under the Retailers' Occupation Tax Act, as it then obtained. (*Mallen Co.* v. *Department of Finance,* 372 Ill. 598.) We there held that the occupation of selling medical and pharmaceutical preparations to physicians, hospitals and sanitaria, is not subject to taxation, as a doctor or hospital employs such supplies in the same manner as an optometrist employs lenses and frames, choosing the type or nature of application best adapted to the individual patient. Our conclusion rested on the theory that a seller's occupation is not taxable, under the Retailers' Occupation Tax Act, unless the purchaser is to be the ultimate user or consumer or there is to be no further transfer of the property. (*American Optical Co.* v. *Nudelman,* 370 Ill. 627; *Revzan* v. *Nudelman,* 370 Ill. 180.) Fortifying *Mal-*

*len Co.* v. *Department of Finance,* 372 Ill. 598, is the established rule that a tax is not due where sales, though at retail and for use and consumption and not for resale, are merely incidental to a business which the vendor is licensed or authorized to transact. *Svithiod Singing Club* v. *McKibbin,* 381 Ill. 194; *Babcock* v. *Nudelman,* 367 Ill. 626.

Upon the authority of *Stolze Lumber Co.* v. *Stratton, ante,* p. 334, and *Mallen Co.* v. *Department of Finance;* 372 Ill. 598, the decree of the circuit court must be, and is, reversed and the cause remanded, with directions to grant plaintiff the relief asked in its complaint, as amended.

*Reversed and remanded, with directions.*