(No. 28124.—

THEO. B. ROBERTSON PRODUCTS CO., INC., *et al.,* Appellants, *vs.* S. L. NUDELMAN, Director of Finance, *et al.,* Appellees.

*Opinion filed January 17, 1945—Rehearing denied March 15, 1945.*

John H. Gately, (Gerald J. Koptik, of counsel,) both of Chicago, for appellants.

George F. Barrett, Attorney General, (William C. Wines, of Chicago, of counsel,) for appellees.

Mr. Justice Stone delivered the opinion of the court:

Appellants seek reversal of the decree of the circuit court of Cook county denying an injunction to restrain the collection of a retailers' occupation tax on such products as tissue, paper napkins, paper cups, soaps and the like, when sold to hotels, office and other buildings. The facts are not disputed. Appellants are engaged in the business of selling paper napkins, towels, toilet tissue, drinking straws, paper cups and plates, liquid and bar soap, and the like, to hotels, office buildings and the like, who furnish the same as a part of the service rendered to patrons and tenants, either without compensation or as a part of the service paid for by the user as a guest or tenant.

The trial court held that selling such enumerated articles to hotels, office buildings and the like, for such use, was the business of selling tangible personal property at retail, within the meaning of the Retailers' Occupation Tax

Act. (Ill. Rev. Stat. 1943, chap. 120, par. 440 *et seq.*)
Appellants argue that since this court has held, in the materialmen cases hereinafter referred to, that the use and
consumption contemplated by the statute is use and consumption by the purchaser who is the ultimate consumer,
there is no tax due here for the reason, as they say, appellants' customers do not use or consume the articles sold but
such use and consumption are by those who are enjoying
the use of the premises, either as guests, in the case of
hotels, or as tenants in the case of office buildings. They
say also that since the cost of these items must be considered in fixing the charges made for the use of the rooms,
such amounts to a sale to the guest or tenant, and therefore
the sales by the appellants to their customers do not come
within the definition of sales contemplated by the act.

In *Stolze Lumber Co.* v. *Stratton,* 386 Ill. 334, and *Huston Brothers Co.* v. *McKibbin,* 386 Ill. 479, this court held
the amendment of 1941 to section 1, which added a further
definition to the term "use or consumption," was invalid
as not meeting constitutional requirements. It follows,
therefore, that the law in force is as it was prior to the
invalid amendment.

The sole question in this case is whether appellants, in
making sales of paper napkins, towels, drinking cups and
plates, drinking straws, toilet tissue and liquid and bar soap,
to hotels, office buildings and others, who furnish these articles as part of the service to patrons, tenants or guests, who
actually use them, are engaged in selling tangible personal
property at retail for use and consumption, as contemplated
by the act. This court has determined that the theory of
the title as shown by its language and explained by the
act, is to cover retail sales only, that is, sales not for resale
in any form for a valuable consideration. (*Stolze Lumber
Co.* v. *Stratton,* 386 Ill. 334.) A seller's occupation is not
taxable under the Retailers' Occupation Tax Act unless the
purchaser is to be the ultimate user or consumer, or where

there is no further transfer of the property. *Huston Brothers Co.* v. *McKibbin,* 386 Ill. 479; *Mallen Co.* v. *Dept. of Finance,* 372 Ill. 598; *American Optical Co.* v. *Nudelman,* 370 Ill. 627; *Revzan* v. *Nudelman,* 370 Ill. 180.

It has also been established that under the act in this State a tax is not due where sales, though at retail and for use and consumption and not for resale, are merely incidental to a business which the vendor is licensed or authorized to transact. *Huston Brothers Co.* v. *McKibbin,* 386 Ill. 479; *Mallen Co.* v. *Dept. of Finance,* 372 Ill. 598; *Svithiod Singing Club* v. *McKibbin,* 381 Ill. 194; *Babcock* v. *Nudelman,* 367 Ill. 626.

Appellees contend that since there is to be no further sale of the property sold by appellants to hotels, office buildings and the like, the sales to them are sales not for resale and therefore the tax is measured. In *Revzan* v. *Nudelman,* 370 Ill. 180, it was held that a sale of rubber heels or leather soles to shoe repairmen was not a sale for use or consumption which made the vendor liable for payment of the tax. In *Herlihy Mid-Continent Co.* v. *Nudelman,* 367 Ill. 600, it was held that a contractor who installed sewers and sewage treatment works for the Sanitary District of Chicago, requiring the use of sand, gravel, cement and steel, was not selling at retail and therefore not subject to the act. In *Bradley Supply Co.* v. *Ames,* 359 Ill. 162, it was held that plumbing and heating supplies, when installed by a building contractor, become fixtures, and although so long as they remain such are not personal property, yet the party for whom such supplies are installed becomes the owner thereof and the transaction is a sale at retail within the meaning of the Retailers' Occupation Tax Act, and the seller of such supplies to the contractor is not subject to payment of the tax.

In *Brevoort Hotel Co.* v. *Ames,* 360 Ill. 485, it was held that the act applies to restaurants or European-plan hotels furnishing meals to customers, since the food served is

tangible personal property sold at retail for use and consumption and not for resale, and that although certain service is performed for the customer, the food purchased is the substance of the transaction.

The question in this case is whether it can be said that hotels, office buildings and the like, who purchase paper supplies referred to from appellants and like concerns, use and consume these articles. The Attorney General argues that even though it be said they do not use or consume them, there is no sale of them after the purchase by the hotels and office buildings; and since the language of the act is "for use or consumption and not for resale in any form as tangible personal property, for a valuable consideration," then, in order to come within the exemption, there must be a resale in some form for a valuable consideration. Counsel for appellants say that even though such be the proper construction of the statute, there is a resale shown by the fact that the hotels or office buildings and the like add the cost of such materials to the prices given their guests or tenants.

There has been much refinement of argument in the presentation of these occupation tax cases as to what the General Assembly intended, much of which is beyond legislative contemplation and unnecessary in order to determine the purpose of the act. We have held that in order to render the tax act applicable it is necessary that the purchaser be the ultimate user and consumer. If he is, of course, there is no further resale. If he is not, then necessarily that fact forces the conclusion that there must be at least some further transfer. Nor do we believe it is necessary to enter into refinements to determine the legislative intent in this matter. That no direct charge for these commodities is made by hotels or office buildings, in the generally accepted sense of making a sale, is admitted. In general contemplation, a given hotel will use so many hundred pounds of tissue, soaps and the like. They are the

person who use them in the conduct of their business just as they use the furniture or the pictures on the wall, or the rugs on the floor. While no agent or employee of the hotel actually uses or consumes such paper articles and soaps, the use is no less the use by the hotel, for it is generally recognized that such articles are to be furnished by the hotel as a standard method of doing its business just as the carpets on the floor and the pictures on the wall are furnished. This is likewise generally true of office buildings. While these items must be counted a part of the operating cost of the business and such cost may be said, therefore, to enter into the matter of fixing charges, the same is true in the case of furniture and other like equipment, linen towels and metal or glass cups. No thought of transfer or resale is indulged. Hotels and office buildings are not in the business of selling paper napkins, tissue, cups, plates and the like, but they are in the business of running a hotel or an office building or the like. We are of the opinion it is in this sense that they may be said to consume these articles. Nor is this to be confused with the materials used by contractors which go to make up a given object sold to a consumer. The items here considered are simply a part of the equipment of hotels and office buildings just as the contractor's tools are a part of his equipment. We believe this to be the true intent of the General Assembly as indicated by the act itself and by the practice which is a matter of common knowledge, as to which courts are not presumed to be more ignorant than other people.

We conclude that appellants in this case, in selling these supplies to hotels, office buildings and other buildings, sold them for the use and consumption of those buildings as defined in the act, and that they are used by such hotels and buildings as an incident to the business of operating a hotel or office building. It follows that the decree of the circuit court is right and it is affirmed.

*Decree affirmed.*