(Nos. 31770, 31771, 31772.—

MANNIE FEFFERMAN, doing business as Man-Murdal Co., *et al.*, Appellees, *vs.* ERNEST C. MAROHN, Acting Director of Revenue, *et al.*, Appellants.

*Opinion filed March 22, 1951.*

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and JAMES C. MURRAY, all of Chicago, of counsel,) for appellants.

BARRETT, BARRETT, COSTELLO & BARRETT, of Chicago, (GEORGE F. BARRETT, and EDWARD WOLFE, of counsel,) for appellee T. B. PACKER, doing business as Monroe Manufacturing & Sales Co.

Mr. JUSTICE DAILY delivered the opinion of the court:

We consider here three separate appeals from decrees of the circuit court of Cook County which have been consolidated in this court on the stipulation of the parties that the issues of law and fact are identical in each appeal. Complaints were filed by each of the appellees under the provisions of the Administrative Review Act seeking to compel the Department of Revenue, appellant, to issue each of the appellees assignable credit memoranda under the provisions of section 6 of the Retailers' Occupation Tax Act, (Ill. Rev. Stat. 1947, chap. 120, par. 445,) for taxes paid under the act as the result of what they claim to be "a mistake of fact or error of law."

The separate complaints of appellees each alleged that they were in the business of selling textiles, clothing materials, and clothing to retailers, charitable institutions and public hospital and penal institutions; that they had sold such items to the State of Illinois and to Cook County, and on such sales had paid the regular tax provided by the Retailers' Occupation Tax Act, (Ill. Rev. Stat. 1947, chap. 120, pars. 440-453;) that the said State and county sold, transferred or gave the said merchandise to patients of public hospitals, inmates of penal institutions and to other persons who were the actual owners and consumers of said merchandise. The allegations continued that the sales were in fact sales at wholesale for which no tax was payable under the act, and that each appellee was entitled to an assignable credit memorandum for the amount of tax paid as the result of a mistake of fact or error of law during the period beginning September 1, 1941, and ending April 30, 1945. In closing, each complaint alleged that the Director of the Department of Revenue had held that the sales were taxable as being sales at retail as defined in section 1 of the Retailers' Occupation Tax Act, and had denied each of the three claims.

The record shows that the merchandise sold to the State and county consisted of bedding, towels, gauze, bandage muslin, surgical instruments, rubber gloves and other items of a similar nature. At the start, the controversy also embraced taxes which had been paid on the sale of uniforms for the State militia, but that issue is not before us, for appellees have abided by the trial court's finding that they were not entitled to credit memoranda for taxes paid prior to June 30, 1942, on the ground that recovery was barred by the Statute of Limitations. As to taxes paid on subsequent dates, however, the trial court set aside the orders of the Department which denied appellees credit, sustained the appellees' contention that the sales were not

sales at retail within the contemplation of the act, and ordered the Department to issue credit memoranda for the respective amounts accruing to each appellee. The Department and the Director have appealed directly from the judgments and we take jurisdiction because the revenue is involved and because the State is an interested party.

The records, stipulations and pleadings before us raise the issue of whether the vendor of personal property sold to a State or county is exempt from the retailers' occupation tax, where the property is used, without cost or charge, by inmates and patients of institutions operated by the governmental vendee. Appellees contend that they are not liable unless it can be shown that the sale is made at retail, and that it is a sale for use and consumption. It is their position that the sales here were at wholesale rather than at retail, and that the buyers, namely the State and county, were not the ultimate users and consumers. The appellants, on their part, contend that the sales in question were transfers of tangible property for use and consumption and not for resale, and are therefore subject to a tax which is measurable by the Retailers' Occupation Tax Act.

This court has determined in previous decisions that the tax authorized by the act is an occupation tax imposed upon persons engaged in selling tangible personal property at retail in this State, and that it is not a tax upon sales although the tax is to be measured by the gross receipts from such sales. (*Mahon* v. *Nudelman,* 377 Ill. 331; *Herlihy Mid-Continent Co.* v. *Nudelman,* 367 Ill. 600; *Reif* v. *Barrett,* 355 Ill. 104.) Evidence of sale of personal property at retail is a necessary element to the establishment of the tax, and it is material in determining if a person making such a sale is engaged in an occupation which is subject to the tax. (*Material Service Corp.* v. *McKibbin,* 380 Ill. 226.) A "sale at retail" is defined by section 1 of the act (Ill. Rev. Stat. 1947, chap. 120, par.

440,), as follows: " 'Sale at retail' means any transfer of the ownership of, or title to, tangible personal property to the purchaser, for use or consumption and not for resale in any form as tangible personal property, for a valuable consideration." In construing the language of this statute we have held that unless the purchaser is to be the ultimate user or consumer, or there is to be no further transfer of the property, the seller's occupation is not taxable. *Mallen Co.* v. *Dept. of Finance,* 372 Ill. 598; *American Optical Co.* v. *Nudelman,* 370 Ill. 627; *Huston Bros. Co.* v. *Mc-Kibbin,* 386 Ill. 479.

Appellees, relying upon the line of the last cited cases, contend that the ultimate users and consumers of the merchandise they sold to the State and county are the patients and inmates of charitable institutions, not the purchasers themselves, thus rendering appellees' occupations nontaxable. Appellants argue, and we believe are supported by previous decisions on the subject, that what is meant by the buyer's being the "ultimate user and consumer" is that the buyer must not further thansfer the commodity purchased *for a consideration.* In *Robertson Products Co.* v. *Nudelman,* 389 Ill. 281, the taxpayer sold tissue, paper napkins, soap and the like to hotels, restaurants and office buildings. It was admitted that they were consumed in general by persons other than the purchaser, and that the cost to the purchaser was indirectly reflected in the amount charged for meals, rent and the like. We held the paper goods company taxable on the sales notwithstanding ultimate use and consumption of the commodity by patrons and tenants of the vendees, saying, at page 286: "No thought of transfer or resale is indulged. Hotels and office buildings are not in the business of selling paper napkins, tissue, cups, plates and the like, but they are in the business of running a hotel or an office building or the like. We are of the opinion it is in this sense that they may be said to consume these articles."

In the cases relied upon by appellees, it is true there was a further transfer from the purchaser to the ultimate consumer, but it was a transfer for consideration, such a transfer being a retail sale exempting an antecedent vendor from the tax. We held that to be the result even though the ultimate transfer for consideration is made by one who is not himself engaged in a taxable occupation. Thus, a building contractor who transfers materials for consideration, (*Material Service Corp.* v. *McKibbin,* 380 Ill. 226,) an optometrist who transfers lenses and frames for consideration, (*American Optical Co.* v. *Nudelman,* 370 Ill. 627,) a shoe repairman who transfers rubber heels by putting them upon a customer's shoes, (*Revzan* v. *Nudelman,* 370 Ill. 180,) and a physician or hospital transferring medicine for a consideration, (*Mallen Co.* v. *Dept. of Finance,* 372 Ill. 598,) all resell and thereby retail the goods for consideration exempting their vendors from the tax. This is true even though neither the contractor, the optometrist, the shoe repairman nor the physician incurs the tax. They escape the tax, not because they do not resell, but because they do not do so in the course of an occupation upon which the tax is imposed. Were the contractor, optometrist, etc., to merely give away the product purchased, their vendors would be taxable notwithstanding the transfer without resale. We think it follows from a consideration of *Robertson Products Co.* v. *Nudelman,* 389 Ill. 281, and the opinions just cited, that a sale is one for use and consumption and not for resale, even though the purchaser transfers the commodity purchased, provided he does not transfer it for a direct and specific consideration.

While appellees alleged in their complaints that the State and county in some cases resell to the inmates and patients the items purchased, the proof fails to establish that any such resale for a consideration was made, nor is it so urged in this court. It is reflected rather that the State and county purchased merchandise from appellees

and used it in caring for the patients of its hospitals and inmates of its institutions. By so doing it consumed these articles as the head of any family consumes like items purchased for members of his family. The State and county are not engaged in the business of providing these items for their wards. They are merely caring for their wards. The items purchased from appellees are furnished without consideration with no thought of resale or transfer of ownership, as an incident to the care of the ward, and in exercising that care we are of the opinion that the State and county are the consumers of the articles they purchased. The sales made to them by appellees are thus sales at retail within the definition of the act.

Appellees urge that it cannot be denied that the sales in question were at wholesale rather than at retail for failure of appellants to deny their allegations that "during said period plaintiffs did not sell any tangible property at retail." It is contended that, under section 40(2) of the Civil Practice Act, this failure constitutes the admission of the allegation. (Ill. Rev. Stat. 1947, chap. 110, par. 164(2).) The Administrative Review Act does provide that provisions of the Civil Practice Act shall apply to all proceedings, except as otherwise provided for in the former act. However, section 9b of the Administrative Review Act (Ill. Rev. Stat. 1947, chap. 110, par. 272(b),) specifically provides that the answer of the administrative agency shall consist of the original or a certified copy of the entire record of the proceedings under review, and that "No pleadings other than as herein enumerated shall be filed by any party unless required by the court." Appellant did file the record of proceedings as his answer in one of these consolidated cases, and a stipulation in lieu of lost records in the other two. In so doing he did all he was required to do. His failure to deny each allegation of the complaint does not constitute an admission of the allegations not denied.

From the entire record we conclude that the sales made by appellees were in fact sales at retail within the contemplation of the Retailers' Occupation Tax Act making appellees liable for the tax therein provided. The judgment and order entered by the circuit court of Cook County in each cause is reversed.

*Judgments reversed.*