DINNER THEATRE ASSOCIATES, LTD., Appellant, v. THE DEPART-
MENT OF REVENUE, Appellee.

Third District   No. 3—85—0178

Opinion filed December 31, 1985.

Bruce L. Balch, of Katz, McAndrews, Durkee, Balch, Lefstein, P.C., of Rock Island, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Karin Kepler and Roma Jones Stewart, Assistant Attorneys General, of Chicago, of counsel), for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

In this tax appeal action, the plaintiff, Dinner Theatre Associates,

Ltd., seeks appellate review of an Illinois Department of Revenue decision which was affirmed by the circuit court.

Plaintiff operates a dinner theatre in Rock Island. The price of admission includes both a buffet dinner and a theatrical production. Until 1980, the plaintiff paid a Retailers' Occupation Tax on the full amount of its gross receipts. In 1980, plaintiff contended it should be paying only a service occupation tax on the cost of its raw food purchases and no retailers' occupation tax. Following a hearing on the matter, the Department of Revenue directed that a retailers' occupation tax be assessed against the theatre based on the cost of meals served to its patrons, which it estimated as one-half of the admission price. We are asked to consider whether the Department of Revenue's assessment was contrary to law or against the manifest weight of the evidence.

■ The occupational tax system in Illinois is structured such that retailers are assessed a tax on the goods they sell. (Ill. Rev. Stat. 1983, ch. 120, pars. 440, 441.) Service businesses are taxed on the goods they buy. (Ill. Rev. Stat. 1983, ch. 120, par. 439.103.) Only one such tax can be imposed on any particular item of commerce. If a sale of service includes a relatively insignificant or incidental transfer of tangible personal property, then a service occupation tax will be assessed rather than a retailers' occupation tax. *American Airlines, Inc. v. Department of Revenue* (1974), 58 Ill. 2d 251.

Plaintiff contends that it is primarily engaged in the sale of entertainment services. And, it avers that the food which it offers is merely incidental to the presentations of such entertainment services. In fact, the plaintiff in this case is rather uniquely engaged in *both* a retail and a service business.

■ The test for determining the actual nature of a transaction which involves both a sale of tangible goods and the providing of a service is one of proportion. If a taxpayer's business is the sale of food, for which entertainment is offered only to induce customers to dine, then a retailers' tax is assessed. (*Miller v. Department of Revenue* (1958), 15 Ill. 2d 323.) If, on the other hand, the sale of a service includes a relatively insignificant or incidental transfer of tangible personal property, then a service tax applies. (*American Airlines, Inc. v. Department of Revenue* (1974), 58 Ill. 2d 251.) A taxpayer, however, may be involved in a taxable business of both selling goods at retail and in the furnishing of a service. That is the situation we have here. The record supports the Department's judgment that the plaintiff is engaged in two separable tax businesses and that one-half of the admission price is attributable to the meals served.

Until it challenged its tax assessment in 1980, the theatre operators advised their patrons that one-half of the admission price should be regarded as the cost of dinner. This advice was given to assist patrons in arriving at a determination of the amount to tip waiters. It is also to be noted that the plaintiff's cost of food in relation to total revenues is approximately one-half the cost of food in relation to the total revenues of the average restaurant.

Plaintiff urges that the case of *American Airlines, Inc. v. Department of Revenue* (1974), 58 Ill. 2d 251, must cause a resolution of this case in his favor. We disagree. In *American Airlines*, the supreme court held that the meals American served to its passengers were incidental to American's primary air transportation service and, as such, not sales at retail subject to retailers' occupation tax. The fact that American Airlines provided its means as a commercial amenity and as an operating expense distinguishes this case from the instant appeal. The sale of meals by plaintiff here is not offered as a convenience. Though plaintiff's patrons are not bound to partake of the buffet, neither are they bound to partake of the show. Meals are an integral and substantial part of the dinner theatre operation. We find it unreasonable to believe that patrons would be charged the same or nearly the same admission price if meals were not available. In *American Airlines*, for instance, the same fare was charged on flights between the same points even when food was not served. It should also be obvious that the relationship between the meal cost and the airline ticket cost is *de minimis*. In the instant case, however, the relationship between the meal cost and the ticket cost is substantial.

Plaintiff is also mistaken in its reliance upon *Svithiod Singing Club v. McKibbin* (1942), 381 Ill. 194. In *Svithiod*, the supreme court held that a social club, organized as a nonprofit corporation, which served food and drink to its members was not subject to the retailers' occupation tax. The court found that such service was incidental to the club's primary service occupation, namely, the promotion of social intercourse among its members and the advancement of the social arts and sciences. The court's determination was premised upon the fact that the food and beverages furnished promoted the service of a nonprofit social organization. However, in the instant appeal, the plaintiff is a commercial business which offers meals as an integral and not an incidental part of its dinner-theatre operation.

Plaintiff also cites *Theo B. Robertson Products Co. v. Nudelman* (1945), 389 Ill. 281. There, dispute was over what tax applies to soap and other tangible property furnished without separate charge to hotel patrons. The supreme court held that:

"Hotels and office buildings are not in the business of selling paper napkins, tissue, cups, plates and the like, but they are in the business of running a hotel or an office building or the like. ***.

\* \* \*

[The products] are used by such hotels and buildings as an incident to the business of operating a hotel or office building." (389 Ill. 281, 286.)

Accordingly, retailers' occupation tax was assessed against the suppliers of the products in question, not against the hotels. The facts of *Robertson* are clearly distinguishable from the case at hand. The furnishing of incidentals to hotel patrons differs in substantial degree from the furnishing of meals to patrons of a dinner theatre.

■ The facts of this case clearly demonstrate that the plaintiff functions in two separate and divisible capacities and that the Department's decision to allocate the tax to half of the ticket price was eminently fair and correct and was, therefore, neither against the manifest weight of the evidence nor contrary to law.

Accordingly, the judgment of the circuit court of Rock Island County, which affirmed the decision of the Illinois Department of Revenue is, likewise, affirmed.

Affirmed.

BARRY and WOMBACHER, JJ., concur.