(No. 39934.— <span style="background:black">       </span>
BELLEVILLE DR. PEPPER *et al.,* Appellees, *vs.* MARSHALL KORSHAK, Director of Revenue, *et al.,* Appellants.

*Opinion filed December 1, 1966.*

SCHAEFER, J., dissenting.

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL and A. ZOLA GROVES, Assistant Attorneys General, of counsel,) for appellants.

MARTIN, CRAIG, CHESTER & SONNENSCHEIN, of Chicago, (CHARLES G. CHESTER and SYDNEY G. CRAIG, of counsel,) for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Plaintiffs, bottlers and distributors of soft drinks, brought this action to enjoin the Department of Revenue from imposing and collecting the retailers' occupation tax and use tax on their purchase of bottles, cartons and shells (cases). The department appeals directly to this court from a decree of the circuit court of Cook County enjoining the imposition of the taxes. We have jurisdiction because the revenue is involved.

The department adopted an amendment to Rule 51 of its Rules and Regulations reading: "Effective February 1, 1965, sellers of containers which are reusable, and which in the ordinary course of business are returned to the purchaser to be used again as containers for tangible personal property, are making sales for use or consumption, and their receipts from such sales are subject to the retailers' occupation tax. This is true regardless of the fact that the purchaser may charge a deposit at the time of transferring the container to his customer." This amendment was held to be invalid by the trial court.

The facts are stipulated. Plaintiffs purchase bottles, fill them with their beverages and place them in cartons or shells for sale to grocers, drug stores and others. The purchasers pay a deposit on the bottles and containers (less than the actual value) when they buy the beverage, and possession of them is surrendered without any right of reclamation. When a new supply is purchased, credit is given for an amount equal to the required deposit for a like amount of containers. In this State the average number of times used or "trips" of the containers is 18 to 24 for bottles, 2 to 6 for cartons and 30 to 75 for shells.

Two elements must be present before there is a taxable sale. First, there must be a sale for use and consumption, and second, the item sold is not for resale. (*Modern Dairy Co. v. Department of Revenue,* 413 Ill. 55; *Burrows Co. v. Hollingsworth,* 415 Ill. 202; *Material Service Corp. v. Isaacs,* 25 Ill.2d 137.) The Department's contention is that the containers are purchased for use and consumption and that this is indicated by acceptance of a "deposit" of an amount considerably less than the cost price. It argues that since cost of the containers is about 2½ times the deposit, the intention of the parties is manifested that the transaction is not a sale, but is a loan with a deposit to ensure the containers return. This is said to constitute a bailment rather than a sale.

In *Owens-Illinois Glass Co. v. McKibbin,* 385 Ill. 245, a similar attempt was made to impose a retailers' occupation tax upon beer bottles sold to breweries in Illinois. There, as here, the bottles were filled with beverage, deposits were taken separate from the cost of the contents, and refunds of the deposits were made when the empty bottles were returned, but without any duty to return the bottles. This court held the sale of the bottles to the breweries was not a sale for use and consumption and the purchasers were not liable for the tax. The Department suggests that the differential between cost price and deposit, the showing of average number of trips a bottle makes and the imprint of trade names or trademarks on the containers are additional facts not available in the *Owens-Illinois* case and that they show the intent of the parties that no sale takes place. This suggestion is predicated upon the fact that there the cause came up on complaint and answer, while here it is on stipulation. Those pleadings are not before us, but the opinion shows that the court was thoroughly apprised of the manner of doing business, "the practice with respect to the collection of deposits on bottles," and the operation of the system. It seems ap-

parent that the difference between cost and amount of deposit is reflected in the price charged for a beverage, as evidenced by the fact that the cost of a no return or "throw away" container is included and absorbed with the price of the contents.

Finally with respect to *Owens-Illinois,* we find no substantial basis for the assertion that it "apparently admitted" by the pleadings that containers were resold. It is stated that the complaint read: "Breweries which sell beer and charge deposits for bottles, transfer the ownership and title, as well as possession of the bottles, to their customers." Here it was stipulated: "When plaintiffs deliver such bottles, cartons and shells to their customers, the plaintiffs surrender the possession of such containers and all right to reclaim the possession thereof." We see no significant difference between the two cases.

Rulings on this subject from other jurisdictions are based on widely varying statutory provisions with varying results. No useful purpose would be served by reviewing them. We adhere to the holding in *Owens- Illinois Glass Co.* v. *McKibbin,* 385 Ill. 245.

The decree of the circuit court of Cook County is affirmed.

*Decree affirmed.*

Mr. JUSTICE SCHAEFER, dissenting:

I am unable to agree that the decision of this court in *Owens-Illinois Glass Co.* v. *McKibbin,* 385 Ill. 245, disposes of the case now before us. The complaint in *Owens-Illinois* alleged: "Breweries which sell beer and charge deposits for bottles, transfer the ownership and title, as well as the possession of the bottles, to their customers and the sale of new bottles by the plaintiff to such breweries is not a sale for use and consumption under the said Act but falls within said Rule No. 51 of the Department and is a sale for resale and not within the terms of said Retailers' Occu-

pation Tax, and no liability to pay taxes under such Act accrues to plaintiff on account of such sales."

The regulation there involved (Rule 51) provided: "Sellers of containers to purchasers who are engaged in the business of selling tangible personal property contained in such containers to other persons are deemed to make sales of such containers for resale if the purchasers of such containers are engaged in the business of selling tangible personal property contained in such containers and transfer the ownership of the containers to their customers together with the ownership of the tangible personal property contained therein."

In that case the defendant McKibbin, then Director of the Department, contended that his motion to dismiss the complaint did not admit the legal conclusions which it contained. But this court rejected that contention, saying: "We are of the view that if appellant was of the opinion the cause of action was defectively stated the point should have been raised in the trial court." 385 Ill. at 251.

In this case we are called upon to determine the legal effect of stipulated facts which show a pattern that differs sharply from the ordinary sale for resale. There are a series of transfers of possession of the bottles, the consideration for each transfer being an amount substantially less than half of the original costs of the bottles, with each bottle coming back to the plaintiffs for reuse an average of 18 to 24 times. In my opinion there is enough difference between these transactions and ordinary sales for resale to warrant examination of the new portion of Rule 51 which provides: "Effective February 1, 1965, sellers of containers which are reusable, and which in the ordinary course of business are returned to the purchaser to be used again as containers for tangible personal property, are making sales for use or consumption, and their receipts from such sales are subject to the retailers' occupation tax. This is true regardless of the

fact that the purchaser may charge a deposit at the time of transferring the container to his customer."

The majority see no significant difference between *Owens-Illinois* and the present case because in this case it was stipulated that when the plaintiffs deliver bottles to the retailers, (1) they "surrender the possession of such containers" and (2) they surrender "all right to reclaim the possession thereof." It is these two stipulated facts which, in the opinion of the majority, make this case indistinguishable from *Owens*.

As I read the present regulation it establishes a factual test to determine whether the bottler is the ultimate consumer of the bottle: if he transfers possession of reusable bottles by a method which "in the ordinary course of business' results in their return to him because no one else wants them or has a use for them, then the bottler, and not someone else, is the ultimate consumer of the bottle. It seems to me that the two stipulated facts are irrelevant to the test established by the regulation. That test is whether the bottles return to the bottler because no one else wants them. The fact that he surrenders possession and the right to reclaim the bottles does not prevent them from returning to him again and again for reuse.

The stipulated facts do not, in my opinion, establish that under the present regulation the bottler is not the ultimate consumer of the bottle. And it seems to me that the court should consider the validity of that regulation under the stipulated facts, free from predetermined legal conclusions as to transfers of ownership and title. As to that question I express no opinion.