Jasen, J. (dissenting).
At issue on this appeal is whether the purchase of returnable glass bottles, carrying cases and partitions by petitioner, a bottler and vendor of carbonated soft drinks, is a taxable sale within the meaning of the Tax Law.
The petitioner bottles, sells and distributes carbonated soft drinks under nationally franchised labels in Western New York. It purchases empty reusable glass bottles, wooden cases (shells) for transporting the bottles and fiber partitions for the wooden cases. The reusable bottles are filled with a carbonated soft drink, placed in the wooden cases with partitions, and then sold to distributors or retailers. A separate charge or deposit is collected from distributors and retailers for each small bottle (2 cents), large bottle (5 cents), small shell (15 cents) and large shell (27 cents). Distributors and retailers collect the same separately stated charge from their purchasers. No charge or deposit is made for the fiber partitions. The deposit charged for each bottle and shell is substantially less than the original cost to the petitioner.[1] Petitioner’s standard distributor contract requires distributors to pick up and to return empty bottles and shells to the petitioner. As an added inducement and to facilitate the return of bottles for reuse, distributors are paid a 10% premium for each bottle and shell *810 returned.[2] It is petitioner’s experience that small bottles are returned and reused 8-10 times; large bottles, 16 times; shells, 50 times; and partitions, 12-15 times.
Sales and use tax returns were filed by petitioner for the period under review. The State Tax Commission determined, inter alia, that an additional tax of $3,566.61, plus penalty and interest, was owing on the purchase of bottles, shells and partitions. After a hearing, the determination was sustained, except in insignificant details not here pertinent. The Appellate Division was of the view that such purchases were not taxable sales at retail, within the meaning of the Tax Law, and annulled the commission’s determination, holding that “ [u]pon the present record the facts conclusively demonstrate that the possession of the bottles and carrying cases together with the shells by the petitioner is for resale as a matter of law ”. I disagree.
Subdivision (a) of section 1105 of the Tax Law imposes a sales tax upon the “ retail sale of tangible personal property ”. “ Retail sale ” means a sale for any purpose other than for resale as such or as a physical component part of tangible personal property. (Tax Law, § 1101, subd. [b], par. [4], cl. [i]; subd. [A].) Sale includes any transfer of title, possession or license to use for a consideration. (Tax Law, § 1101, subd. [b], par. [5].)
The Tax Commission could reasonably determine that petitioner’s dominant purpose is not to resell the reusable bottles, shells and partitions, but to induce their return for reuse. Petitioner is not in the business of selling bottles, shells or partitions. It is a seller of soft drinks and merely uses the bottles, shells and partitions to market its products. A charge is made for these containers and a high percentage are returned, whereupon a credit and premium is given. The amount charged is much less than the value of the containers. The charge, with provision for refund, induces the return. Except for the constant return of bottles, shells and partitions, it is unlikely that petitioner’s business could survive because the charge for them is far less than their cost. The true purpose of the purchase of bottles, shells and partitions is thus apparent — to use and reuse them.
*811 Assuming that following petitioner’s use, a “ sale ” is made, it is not one that necessarily relieves of the tax burden. It is not a “ sale ” in any ordinary sense whereby petitioner’s distributors buy for their own purposes. Here there are a series of transfers of possession of the bottles, shells and partitions, the consideration for each transfer being substantially less than the original cost, with each bottle, shell and partition returning to petitioner for reuse over and over again. This pattern differs sharply from the ordinary sale for resale. (See Belleville Dr. Pepper v. Korshak, 36 Ill. 2d 352, 355, 356 [Schaefer, J., dissenting].)
Importantly, the statute does not provide that the tax shall be inapplicable whenever there is a resale. The tax is inappliccable only when the purpose of the original purchase is to resell. The commission could reasonably find that the true purpose here is not to resell the bottles, shells and partitions, but, as the deposit/charge, credit and premium arrangements and the economics thereof make clear, to secure their availability for reuse. Accordingly, it could reasonably conclude that petitioner’s purchases were taxable as not being for the purpose of resale. (District of Columbia v. Seven-Up Washington, 214 F. 2d 197, cert. den. 347 U. S. 989; Gay v. Canada Dry Bottling Co. of Fla., 59 So. 2d 788 [Fla.].)
Were petitioner’s purchases held to be for the purpose of resale, it would follow that the same purpose would be attribuable to each subsequent transfer in the chain of distribution to the consumer and back to the petitioner. The many “ sales ” of the bottles, shells and partitions and their continued commercial use would be immunized from taxation. And even if it were held that purchases by petitioner’s distributors and retailers and the subsequent purchase by the consumer of the soft drink were not for resale, the tax would be levied only on the respective deposits which are but fractions of the original price paid by the petitioner for the bottles, shells and partitions.
People v. Cannon (139 N. Y. 32), relied on by the Appellate Division, is distinguishable. That case dealt with violations of the “ Bottling Act ” (L. 1887, ch. 377, as amd. by L. 1888, ch. 181) designed to prohibit unlawful dealing in empty bottles marked to indicate ownership by the manufacturer. There it was held that, absent an agreement or legal obligation to return them, the taking of the security for the return of the bottles *812 from the party to whom they were delivered amounted to a “ sale Here, there is a contractual obligation on the distributors “ to pick up and return * * * all empty bottles and cases ” (Compare, Westcott v. Thompson, 18 N. Y. 363, 366.) But more fundamentally, Gannon should not control the instant case arising under the Tax Law where it is the purpose of the original purchase, not the mere fact of subsequent “ resale ”, that determines taxability. Moreover, as already observed, the total pattern here differs sharply from the ordinary sale for resale situation. Matter of American Molasses Co. v. McGoldrick (281 N. Y. 269), cited to us by petitioner, also is distinguishable. There, the purchase of containers for sugar and molasses was held not taxable because purchased for resale. But, in that case, there was no deposit or return for reuse arrangement as here.
There being a rational and legal basis for the commission’s determination of taxability, I would reverse the judgment of the Appellate Division and reinstate the determination of the State Tax Commission.[3]
Judgment affirmed, etc.

. Prices paid by petitioner for a small bottle range from 5.9 to 7.8 cents; for a large bottle, 8.9 cents; for shells from 71.5 to 94 cents.

. That is to say, distributors are refunded the deposit charge paid by them to retailers from whom the empty bottles and shells are collected, plus a 10% premium.

. I note that effective January 1, 1975, receipts from the sale of packaging and packing materials for use in packaging or packing tangible personal property for sale are exempt from the sales tax. (L. 1974, ch. 581, § 1, adding paragraph [19] to subdivision [a] of section 1115 of the Tax Law.) Although this legislation is inapplicable to the instant proceeding, it is of some significance that the Legislature has deemed it necessary to enact a specific sales tax exemption for receipts derived from the sale of packaging and packing materials.