STA-RU CORPORATION, Plaintiff-Appellee, *v.* GEORGE E. MAHIN, Director of Revenue, Department of Revenue, *et al.*, Defendants-Appellants.

(No. 13148;

Fourth District—December 11, 1975.

CRAVEN, P. J., dissenting.

William J. Scott, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellants.

Hull, Campbell & Robinson, of Decatur (Michael I. Campbell, of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

The plaintiff Sta-Ru Corporation filed a complaint in the Circuit Court of Macon County seeking injunctive relief against George E. Mahin, Director of Revenue of the Department of Revenue of the State of Illinois, William J. Scott, Attorney General of the State of Illinois, and Alan J. Dixon, Treasurer of the State of Illinois. Plaintiff alleged that it is engaged in the business of selling food and beverages at retail and that it purchased paper and plastic plates, bowls, dishes and cups from certain suppliers. It further alleged that the Department of Revenue pursuant to Rule 51 of its rules and regulations was seeking to collect taxes on the purchase of these items.

The Department claimed its authority under the Retailers Occupation Tax Act (ROTA) (Ill. Rev. Stat. 1971, ch. 120, par. 440 *et seq.*), the Municipal Retailers Occupation Tax (Ill. Rev. Stat. 1971, ch. 24, par. 8—11—1), the County Retailers Occupation Tax Act (Ill. Rev. Stat. 1971, ch. 34, par. 409.1), and the Use Tax Act (Ill. Rev. Stat. 1971, ch. 120, par. 439.1 *et seq.*).

The plaintiff alleged that Rule 51 as applied to the purchase of the items listed above was void. After an evidentiary hearing on the merits, the trial court entered an order for the issuance of an injunction prohibiting the defendants Mahin and Scott from enforcing the taxes against plaintiff. Those defendants appeal.

■■ The first three of the foregoing acts tax the occupation of selling goods at retail. The Use Tax Act taxes the use in this State of tangible personal property purchased at retail and is supplementary to the various sales tax acts. To the extent that a retailer remits under the Use Tax Act, he is not required to remit under the sales tax acts (*Turner v. Wright*, 11 Ill.2d 161, 142 N.E.2d 84, *appeal dismissed*, 355 U.S. 65, 2 L.Ed.2d 106, 78 S.Ct. 140). The terms used have the same meaning under each of the acts. We need, therefore, discuss only the operation of the ROTA. Section 1 of that act provided in pertinent part:

> " 'Sale at retail' means any transfer of the ownership of or title to tangible personal property to a purchaser, for the purpose of use or consumption and not for the purpose of resale in any form as tangible personal property to the extent not first subjected to a use for which it was purchased, for a valuable consideration:
> * * *." (Ill. Rev. Stat. 1971, ch. 120, par. 440.)

Rule 51 stated in part:

"3. Sales for Use or Consumption * * * *Sales of paper napkins, drinking straws, paper cups and paper plates to restaurants (including drive-in restaurants) and other vendors of food or beverages for use on the premises as serving equipment in lieu of more durable kinds of serving equipment (such as linen napkins, metal drinking straws, glass or porcelain cups and plates) are taxable retail sales. Sales of paper napkins, drinking straws, paper cups and paper plates to food or beverage vendors are non taxable sales for resale if the items are resold for a direct and specific charge, or if the items are employed as containers for food or beverages contained therein and are transferred with the food or beverages to the purchaser thereof either by being delivered by the food or beverage vendor away from his premises to his customers or by being delivered on the premises of the food or beverage vendor to customers who take the packaged food or beverages away from such premises with them for consumption elsewhere (i.e., the so-called 'carry out trade').* In general, it may be assumed that paper sacks, boxes, cartons and paper cups with lids, when sold to a food or beverage vendor, are for resale within the meaning of this paragraph. The same is true of paper cups which are used in serving beverages or other tangible personal property from a vending machine." (Emphasis added.)

The principal question to be decided is whether the provisions of section 3 of Rule 51 purporting to make sales of containers to plaintiff subject to tax if they are used to contain food and beverage consumed by its customers on its premises as applied to its method of operation is in violation of the provisions of section 1 of ROTA which exempts sales for "resale."

The undisputed evidence was that plaintiff operated six fast food restaurants in Decatur selling "soft cream, soft ice milk or soft ice cream, and Coca Cola, soft drinks, hamburgers and et cetera." It used the items sold to it in the transactions for which tax is claimed as nonreusable containers for the products sold to its customers. Its customers sometimes consumed the food and drink on the premises and sometimes off the premises. The president of plaintiff was asked if the ownership of the containers passed to the customer at the time of sale. He answered in the affirmative. He also testified that, although no one had ever asked to receive a reduced price for food or drink, because that person furnished his own container, the price would be reduced if so requested.

The trial judge, in the order for the injunction, found the imposition of the tax in question to be "double taxation." Since the sales by plaintiff

to its customers would obviously be subject to tax under ROTA, the implication of the judge's finding is that he found the containers to be sold by plaintiff to its customers along with their contents even when consumed on the premises and that, therefore, the sales of these items to plaintiff were for "resale."

Defendants support the validity of the provision of Rule 51 determining that on premises sales do not constitute resales on the basis that when not required to be used to take the food and beverages from the premises, the containers are not part of the product sold but an amenity furnished to the customer for which no charge is made. They contend that if disposable containers were not furnished plaintiff would have to use durable dishes and cups.

■■ Defendants rely primarily on the cases of *Theo. B. Robertson Products Co. v. Nudelman*, 389 Ill. 281, 59 N.E.2d 655, and *American Airlines, Inc. v. Department of Revenue*, 58 Ill.2d 251, 319 N.E.2d 28. The question at issue in *Robertson Products Co.* was whether sales of tissue paper, napkins, paper cups, soap and similar items to hotels, office building operators and like establishments, to be furnished to their patrons and tenants without a separate charge, constituted a sale at retail, or, on the other hand, one for resale within the meaning of ROTA. The court held the sales to be at retail and not for resale and, thus, subject to tax. In *American Airlines, Inc.*, sales of prepared meals to an airline to be served to their passengers without special charge beyond the price of the ticket was also held to be subject to tax. Both opinions gave importance to the lack of a special charge for the items for which resale was claimed. In *American Airlines, Inc.*, the court noted that in *Fefferman v. Marohn*, 408 Ill. 542, 97 N.E.2d 785, it was stated:

> "This court held that the vendors were liable for the ROT on the sales, stating: 'We think it follows from a consideration of *Robertson Products Co. v. Nudelman*, 389 Ill. 281, * * * that a sale is one for use and consumption and not for resale, even though the purchaser transfers the commodity purchased, provided he does not transfer it for a direct and specific consideration.' *Fefferman v. Marohn*, 408 Ill. 542, 547, in accord, *Modern Dairy Co. v. Department of Revenue*, 413 Ill. 55, 62-63." (58 Ill.2d 251, 257, 319 N.E.2d 28, 32.)

If this statement is given a broad interpretation, the separate sales to plaintiff by its suppliers of hamburger meat and buns would be subject to tax because in selling hamburgers plaintiff does not charge a separate price for the meat and the bun. Obviously, no such interpretation is intended. The major thrust of these opinions is that the entity making the

purchase for which tax is sought is not in the business of selling goods but as in *Robertson Products Co.* is providing rooms for tenants and guests and in *American Airlines, Inc.,* is providing transportation for passengers. The transfer of the goods is an amenity of the service performed and its cost, a general cost of doing business rather than a cost of goods sold. The existence of a separate charge for the transfer of the goods to the customer would separate that transaction from the principal transaction of furnishing rooms or transportation and make the transfer of the goods a resale. In the instant case, it is not necessary for the transfer of the containers to be separated from the principal transaction involved to make that transfer a resale because the principal transaction is itself a sale of goods. Conversely, had plaintiff placed the food and drinks in durable plates and cups and required the customers to leave them after use so that plaintiff could reuse them, the levying of a charge for this service would not make the transaction a resale of the durable cups and plates.

Plaintiff relies on the case of *Belleville Dr. Pepper v. Korshak*, 36 Ill. 2d 352, 221 N.E.2d 635. At issue was the validity of the then existing provisions of Rule 51 concerning sales of reusable containers to purchasers who used them to contain their products which were sold under circumstances whereby the containers in the ordinary course of business would be returned to them for reuse. The rule provided that such sales were not for resale even though the purchases required a deposit for the container when their product was sold. Bottlers and distributors of soft drinks obtained an injunction against the operation of the rule as applied to their purchases from their suppliers of bottles, cartons and cases. The parties stipulated that the plaintiffs sold bottled beverages in cartons and cases to stores, requiring a deposit for the bottles, cases, and carton which was less than one half of the cost of these containers. In affirming the issuance of the injunction, the court ruled that the stipulated fact that the plaintiffs surrendered the right to possession and the right to reclaim the containers from the purchasing stores was dispositive. Mr. Justice Schaefer dissented on the grounds that the actual practice of returning the containers to the plaintiffs indicated that the bottlers and distributors did not resell the items. Neither majority nor dissent attached importance to the factor of the deposit. The majority in refuting the defendant's claim that the difference between the cost of and deposit for the containers negated a resale stated:

> "It seems apparent that the difference between cost and amount of deposit is reflected in the price charged for a beverage, as evidenced by the fact that the cost of a no return or 'throw away'

container is included and absorbed with the price of the contents." ( 36 Ill.2d 352, 354-355, 221 N.E.2d 635, 637.)

This would indicate that the ruling would have been the same if no deposit had been required.

■■ Plaintiff could have adopted a method of operation whereby customers eating and drinking on the premises used durable containers which they were required to return to plaintiff. The bottlers and distributors in *Belleville Dr. Pepper* could have chosen to require their customers to return the containers to them but did not do so. Had they done so their sales would not have been resales of the containers. Here, as there, the tax incidence is to be judged by the method of operation chosen and not by a method that might have been chosen. In *Belleville Dr. Pepper* where goods were sold in containers, the transaction was held to be a resale of the purchased container to the ultimate purchaser where the right to possession of the container and the right to reclaim it were surrendered. This was irrespective of the disposition made of the container by the ultimate purchaser. Here, the testimony of plaintiff's president and a common-sense understanding of fast-food restaurant operation clearly show that plaintiff surrenders possession of the containers and the right to repossession at the time the food and drink is sold to its customers and that this occurs regardless of whether the customer takes the container with him or leaves it at the premises after consuming its contents. Since in *Belleville Dr. Pepper* most of the customers returned the containers for reuse rather than leaving them on the premises as garbage as done here, the elements of a resale are stronger there than in that case.

Plaintiff was, in fact, making resale of these containers to its customers regardless of where the contents were consumed. The questioned portion of Rules 51 as applied to plaintiff's method of business was in violation of section 1 of ROTA.

■■ Defendants also contend that an injunction should not have issued because plaintiff has an adequate remedy at law by way of administrative procedure under ROTA and the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, par. 264 *et seq.*). Plaintiff disputes the availability of such a remedy. In any event, in *Owens-Illinois Glass Co. v. McKibbin,* 385 Ill. 245, 52 N.E.2d 177, it was held that a request for an injunction against the collection of an illegal tax is an exception to the rule that equitable relief is not obtainable if an adequate remedy at law exists. In *Illinois Bell Telephone Co. v. Allphin,* 60 Ill.2d 350, 326 N.E.2d 737, with an opinion filed on March 24, 1975, the Supreme Court abolished the exception of *Owens-Illinois Glass Co.* but indicated that the ruling was not to be retroactive.

The complaint in this case was filed on October 25, 1972, and the de-

cree was filed on April 1, 1974, all prior to March 24, 1975. The tax upon which collection was sought was illegal. The injunction was properly issued, and the judgment from which appeal is taken is affirmed.

Affirmed.

SIMKINS, J., concurs.

Mr. PRESIDING JUSTICE CRAVEN, dissenting:

I dissent.

Rule 51 is not invalid and provides a reasonable basis for determining taxability under the Retailers Occupation Tax and Use Tax; thus, I disagree with the substantive holding of the majority. Furthermore, I am not persuaded that the plaintiffs were entitled to injunctive relief, there being in this record a clear and discernible adequate remedy at law.

In *Owens-Illinois Glass Co.,* the Illinois Supreme Court clearly carved out an exception to the general rule and permitted equitable or injunctive relief to be obtained to enjoin the collection of an illegal tax. That exception was interred in *Illinois Bell Telephone Co. v. Allphin.* In this case, the court abolished the *Owens-Illinois Glass Co.* exception and the language of the court is to the effect that fundamental fairness precluded a retroactive abolition of the exception in that case. I do not agree that the procedural modification is not applicable to any case pending on March 24, 1975, the date the *Illinois Bell Telephone Co.* opinion was filed.

In this case, notwithstanding the exception, and even assuming the application of the *Owens-Illinois Glass Company* exception, the plaintiff seeks a determination of the illegality of a rule of the department and alleged the nonexistence of a remedy at law in the face of statutory and administrative procedures available to it to challenge the validity of the rule after a full documentation and hearing at the administrative level. See *Alfred Engineering, Inc. v. Illinois Fair Employment Practices Com.,* 19 Ill.App.3d 592, 312 N.E.2d 61.

Upon the substantive issue, it is the position of the plaintiff that as to paper products used upon the premises it need not pay a use tax upon paper products purchased by it from out-of-State suppliers nor a retailers occupation tax upon products purchased by it from in-State suppliers for the reason that such products are purchased for resale and therefore exempt under the specific language of the statute. I am unable to distinguish this case from *Roberts Products Co. v. Nudelman,* or *American Airlines, Inc. v. Department of Revenue.* In this case, as in the cited cases, the cost of the paper products used by plaintiff to serve

660

food on its premises is merely a cost of doing business. Here, as in the cited cases, the cost of the paper products used for food and beverage served on the premises is included in the cost of the food and beverage sold by the plaintiff.

Rule 51 of the Department of Revenue is a reasonable regulation and it establishes a factual basis for determining the last transfer for consideration and represents a clear attempt to avoid multiple taxation. For the reasons stated, both procedural and substantive, I would reverse the judgment of the circuit court of Macon County.