GTE AUTOMATIC ELECTRIC INCORPORATED, Plaintiff-Appellant, *v.* ROBERT H. ALLPHIN, Director of Revenue, Defendant-Appellee.

First District (5th Division)   No. 61725

Opinion·filed May 14, 1976.

William P. Sutter and Michael F. Duhl, both of Hopkins, Sutter, Mulroy, Davis & Cromartie, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (John D. Whitenack, Assistant Attorney General, of counsel), for appellee.

William D. Dexter, General Counsel, of Olympia, Washington (Eugene F. Corrigan, of counsel), for Multistate Tax Commission.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiff's declaratory judgment action sought to construe section 304(a)

of the Illinois Income Tax Act which apportions multistate business income to Illinois. The trial court's judgment order dismissed plaintiff's cause of action as premature, denied its motion for summary judgment, and declared this matter to be an improper class action. Plaintiff appeals contending that (1) this cause is not premature for failure to exhaust available administrative remedies, (2) summary judgment is proper as a matter of law since section 304 of the Illinois Income Tax Act does not apply to the multistate sales transactions in dispute and, if it does, it is unconstitutional as so applied, and (3) a class action is proper in revenue suits where a common interest exists.

Plaintiff is a Delaware corporation with its principal place of business in Northlake, Illinois. On July 18, 1973, it filed a complaint for declaratory judgment and other relief on its own behalf and on behalf of a class of similarly situated taxpayers. It alleged that section 304(a) of the Illinois Income Tax Act (Ill. Rev. Stat. 1973, ch. 120, par. 3—304(a)) required the apportionment of multistate business income to Illinois through the multiplication of that income by a fraction whose numerator was partially composed of a "sales factor." Pursuant to section 304(a)(3) of the Act and Departmental Regulation section 304—4(d), sales of tangible personal property in Illinois, which were used to determine the sales factor, included both "all sales of tangible personal property to purchasers in states in which plaintiff is not taxable, where such property is shipped by plaintiff's supplier from such supplier's inventory in Illinois, and all sales of tangible personal property to purchasers in states in which plaintiff is not taxable, where such property is shipped by plaintiff's supplier from such supplier's inventory in a state in which plaintiff is not taxable." Plaintiff further alleged that although the Department had demanded the amounts of said sales, its records were insufficient to so determine those amounts, that it would be costly and time consuming to so comply and, further, that it would be useless if not required by law.

Plaintiff prayed for an injunction enjoining defendant from requiring it to determine the amounts of disputed sales, a declaration that the Act did not require the inclusion of these sales in the sales factor, or, alternatively, a declaration that the Act is unconstitutional if so construed, and a finding that this was a proper class action.

After defendant's answer was filed, plaintiff filed a motion for summary judgment. The motion incorporated the affidavit of A. R. Reeland, its tax manager. In his affidavit, Reeland stated that the sales factor "within Illinois" in plaintiff's 1969-1970-1971 returns included "* * * (i) all sales of tangible personal property delivered to or shipped to purchasers in Illinois, and (ii) all sales of such property shipped from plaintiff's Illinois inventory to the United States government or to purchasers in states in which plaintiff is not taxable," and that the portion of the sales factor

identified as "Total Everywhere" included sales in the two above categories as well as sales in the disputed categories previously set out in this opinion. He also stated that the time and expense to determine the sales in the disputed classes would be prohibitive and that plaintiff's records were not sufficient to readily determine these amounts. He further stated that after an audit conducted by John L. Roupas of the Department on or about March 8, 1973, he advised the Department that the sales data requested was unavailable and questioned the legal basis of the Department's request. In response, James Murphy, a Department of Revenue Supervisor, told him that the audit could not be completed and a deficiency would be assessed until the Department was supplied with the requested data so that a recomputation of plaintiff's sales factor could be made.

Thereafter, defendant, incorporating the counteraffidavit of John L. Roupas, filed objections to plaintiff's motion for summary judgment. In his affidavit, Roupas stated that his preliminary examination of the sales factor revealed that although all sales were included in the denominator, those sales made by plaintiff from its inventory located on its supplier's premises were apparently being excluded from the Illinois sales or numerator of the sales factor. Reeland informed him that those sales were not included in the numerator of any State in which plaintiff paid a State income tax, and later told him that defendant need not be concerned with direct shipments by suppliers. When he told Reeland that this resulted in a distorted percentage, Reeland requested a ruling from the Department's legal division. Mr. Murphy informed Reeland that the legal department would not hear a case until all audit functions had been discharged and all information regarding direct shipments was available. He further stated that without either a detailed or a test examination of defendant's "direct or drop" shipments, it would be impossible to categorize the sales and apply the tax provisions.

After further memoranda were filed by both parties and arguments of counsel were heard, the trial court entered its judgment and this appeal followed.

Opinion

■■ Plaintiff first contends that this cause is not premature for failure to exhaust available administrative remedies. Defendant has consistently argued that without a full audit examination of plaintiff's sales the department cannot determine which transactions, if any, are subject to inclusion in the sales factor. Defendant maintains that the administrative procedures of audit, conferences, protest, etc., should be employed before judicial review is invoked.

In *Illinois Bell Telephone Co. v. Allphin*, 60 Ill. 2d 350, 326 N.E.2d 737, our Supreme Court held that a party aggrieved by this Department's actions must pursue all available administrative remedies before seeking judicial review. In addition, the court specifically overruled its earlier decision in *Owens-Illinois Glass Co. v. McKibbin*, 385 Ill. 245, 52 N.E.2d 177, which had allowed judicial review to enjoin the collection of taxes prior to a final administrative decision as an exception to the exhaustion doctrine. *Illinois Bell Telephone Co. v. Allphin*, 60 Ill. 2d 350, 359, 326 N.E.2d 737, 742.

We believe that the court's decision in *Illinois Bell* and the rationale behind the exhaustion doctrine are well founded and should control the base at bar. In addition to the obvious benefit of clarifying the issues through a full development of the facts, the exhaustion doctrine allows the Department to apply its expertise in the given matter and solidifies the views of the antagonists for subsequent review. Moreover, contrary to its pre-exhaustion beliefs, the aggrieved party may ultimately succeed before the Department. In *People ex rel. Korzen v. Fulton Market Cold Storage*, 62 Ill. 2d 443, 343 N.E.2d 450, the exhaustion doctrine was again upheld despite Fulton's contention that further appeal to the Cook County Zoning Board of Appeals would be fruitless. The court drew from the reasoning in *People ex rel. County Collector v. Bostwick*, 33 Ill. 2d 74, 77, 210 N.E.2d 189, 191, which stated that:

"While it is possible that this result would have obtained, such is not a necessary conclusion, for even though the basis for complaint was similar in each year, different methods of proof might have been used, personnel of the board might have been altered, or, if the facts and personnel remained identical, the opinion of the board might have changed."

Consequently, we hold that plaintiff's failure to submit to a department audit and to otherwise exhaust its available administrative remedies makes any judicial review of this cause premature. See also *People ex rel. Naughton v. Swank*, 58 Ill. 2d 95, 317 N.E.2d 499; *Calderwood Corp. v. Mahin*, 57 Ill. 2d 216, 311 N.E.2d 691; K. Davis, Administrative Law Treatise §§20.01-20.10 (1970 Supp.).

Nonetheless, plaintiff argues that the *Illinois Bell* exhaustion doctrine does not bar its cause of action for two reasons.

■■ First, plaintiff argues that since its complaint was filed before the *Illinois Bell* opinion was filed, this cause is covered by the court's decision in *Owens*. We cannot agree. Generally, a case is governed by the law as it exists when judgment is rendered and not when the suit is brought. (*Gramm v. Armour & Co.*, 132 Ill. App. 2d 1011, 271 N.E.2d 52.) Even if we consider the application of a Supreme Court decision to a pending

case not yet reduced to judgment to be of a retroactive nature, the law is well settled that such an application is proper in civil litigation. *Dasho v. Susquehanna Corp.* (7th Cir. 1972), 461 F.2d 11, *cert. denied,* 408 U.S. 925, 33 L. Ed. 2d 336, 92 S. Ct. 2496, 2498; *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry.,* 22 Ill. 2d 305, 175 N.E.2d 785.

We recognize that the court in *Illinois Bell* declined to apply the exhaustion doctrine to the plaintiff there since the phone company had specifically relied upon *Owens* in seeking equitable relief. We believe that the fundamental fairness which dictated that result was intended to be *sui generis* and not a broad grant of relief to all similar litigants with suits pending throughout the State at that time. However, in *Sta-Ru Corp. v. Mahin,* 34 Ill. App. 3d 653, 338 N.E.2d 906, *leave to appeal allowed,* No. 48226, the Appellate Court for the Fourth District held that *Owens* exception would still apply when the trial court had granted injunctive relief against an allegedly illegal tax collection one year before *Illinois Bell* was decided. Nonetheless, for the reasons we have previously stated, we agree with Justice Craven who stated in dissent in *Sta-Ru* that the *Owens* exception to the exhaustion rule was "interred" in *Illinois Bell* and the procedural modification was applicable to cases pending on the date *Illinois Bell* was filed. In addition, *Sta-Ru* is distinguishable from the instant case because there the judgment has been entered prior to the *Illinois Bell* decision, whereas, here the cause had not progressed to judgment before *Illinois Bell* became controlling precedent in this State.

■■■ Second, plaintiff argues that even if *Illinois Bell* does apply, it fits within an exception to the exhaustion doctrine as stated in that case. Those exceptions include instances (1) where multiple remedies before a zoning board exist and at least one remedy has been exhausted, (2) where irreparable harm will result from the further pursuit of administrative remedies, and (3) where a statute is attacked as being unconstitutional in its entirety. (*Illinois Bell Telephone Co. v. Allphin,* 60 Ill. 2d 350, 358, 326 N.E.2d 737, 742.) In the instant case, the first exception to the exhaustion rule is clearly inapplicable since this is not a zoning dispute. Nor will the second exception afford plaintiff any solace for, even if we accept *arguendo* that the data gathering process may be costly or time consuming, these matters do not constitute *irreparable* harm in a legally cognizable sense. Finally, plaintiff has not attacked section 304 of the Illinois Income Tax Act as being unconstitutional in its entirety. Rather, it has only sought a ruling that it be interpreted as understood by plaintiff, and, if not, that it be declared unconstitutional as applied in two individual subsections. Consequently, we hold that plaintiff is not within the exceptions to the exhaustion doctrine stated in *Illinois Bell.*

Since we have found that the interest of justice will not be served by

deciding the legal and constitutional issues of this case in a factual vacuum resulting from plaintiff's failure to exhaust available administrative remedies, we need not reach the remaining issues in this appeal.

For the reasons stated above we affirm the decision of the circuit court.

Affirmed.

SULLIVAN and BARRETT, JJ., concur.