(No. 48226.-

STA-RU CORPORATION, Appellee, v. GEORGE E. MAHIN, Director of the Department of Revenue, *et al.,* Appellants.

*Opinion filed October 1, 1976.*

William J. Scott, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellants.

Hull, Campbell & Robinson, of Decatur (Michael I. Campbell and Dennis J. O'Hara, of counsel), for appellee.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

The principal question on this appeal is whether sales to the plaintiff, the Sta-Ru Corporation, of paper and plastic containers used by it to contain foods and beverages consumed by the plaintiff's customers on its premises are "sale[s] at retail" and thus taxable under the Illinois Retailers' Occupation Tax Act (hereafter ROTA) (Ill. Rev. Stat. 1975, ch. 120, par. 440 *et seq.*) and the Illinois Use Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 439.1 *et seq.*).

The ROTA provides:

> " 'Sale at retail' means any transfer of the ownership of or title to tangible personal property to a purchaser, for the purpose of use or consumption, and not for the purpose of resale in any form as tangible personal property to the extent not first subjected to a use for which it was purchased, for a valuable consideration: ***." (Ill. Rev. Stat. 1975, ch. 120, par. 440.)

The language of the Use Tax Act is identical, except for the words "or consumption," which are omitted. Ill. Rev. Stat. 1975, ch. 120, par. 439.2.

Sta-Ru challenges the validity of Rule 51 of the Department of Revenue's Rules and Regulations, which are promulgated under authority granted the Department by the ROTA (Ill. Rev. Stat. 1975, ch. 120, par. 451.) Rule 51 provides for the taxation of which the plaintiff complains. It provides:

> "Sales of paper napkins, drinking straws, paper cups and paper plates to restaurants (including drive-in restaurants) and other vendors of food or beverages for use on the premises as serving equipment in lieu of more durable kinds of serving equipment (such as linen napkins, metal drinking straws, glass or porcelain cups and plates) are taxable retail sales. Sales of paper napkins, drinking straws, paper cups and paper plates to food and beverage vendors are nontaxable sales for resale if the items are resold for a direct and specific charge, or if the items are employed as containers for food or beverages contained therein and are transferred with the food or beverages to the purchaser thereof either by being delivered by the food or beverage vendor away from his premises to his customers or by being delivered on the premises of the food or beverage vendor to customers who take the packaged food or beverages away from such premises with them for consumption elsewhere (i.e., the so-called 'carry-out trade'). ***"

Sta-Ru operates six Dairy Queen-Brazier restaurants in Decatur which sell varieties of ice cream, custard, beverages, hamburgers and other foods. Sta-Ru brought an action in the circuit court of Macon County to enjoin the

Department of Revenue from imposing and collecting the retailers' occupation and use taxes on Sta-Ru's purchases of disposable paper and plastic food and beverage containers. George E. Mahin, Director of the Department of Revenue, William J. Scott, the Attorney General, and Alan J. Dixon, Treasurer of Illinois, were named as defendants.

At the hearing on the complaint Sta-Ru's president, Stacy Smith, testified that its customers may consume their purchases either on or off the premises, and that all foods are sold in nonreusable plastic or paper containers whether they are consumed on or off Sta-Ru's premises. He considered that the ownership of the disposable containers was transferred to customers at the time of sales. There was no separate charge for the containers, but their cost was included in the price set for the food or beverage. The circuit court entered a decree declaring Rule 51 to be illegal and permanently enjoining the defendants from imposing or collecting taxes under Rule 51 on sales of containers to the plaintiff. The appellate court affirmed (34 Ill. App. 3d 653), and we allowed the defendants' petition for leave to appeal.

The defendants first contend that the circuit court improperly assumed jurisdiction and granted the injunction, since the plaintiff had an adequate remedy at law by way of the administrative procedures in the ROTA (Ill. Rev. Stat. 1975, ch. 120, pars. 443 and 451) and the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 264 et seq.).

Generally a court will not assume equitable jurisdiction to grant relief if there is an adequate remedy at law. This court in Owens-Illinois Glass Co. v. McKibbin, 385 Ill. 245, while acknowledging this, held that the taxpayer there might seek an injunction, although it had not first proceeded under available provisions of the ROTA. The court stated:

"[T]he enjoining of the collection of illegal taxes constitutes an exception to the general rule that

equity will not take jurisdiction of a cause when there is an adequate remedy at law. It is established that where a tax is unauthorized by law, or where it is levied upon property exempt from taxation, equity will take jurisdiction and enjoin the collection of the tax. This constitutes an independent ground of equitable relief, and in such cases it is not necessary that special circumstances exist to authorize issuing an injunction." (385 Ill. 245, 256.)

In its complaint Sta-Ru alleged the taxation in question to be illegal and unauthorized under the ROTA and therefore, Sta-Ru alleged, it came within the *Owens* exception that equity may take jurisdiction though there is an existing remedy at law.

In *Illinois Bell Telephone Co. v. Allphin,* 60 Ill. 2d 350, 359, we held that where an administrative remedy was available under the Administrative Review Act the *Owens* exception would no longer be applicable. However, we did not hold in *Illinois Bell* that *Owens* was inapplicable there. Since Illinois Bell had relied on *Owens* we considered that fundamental fairness required that the merits of the case be decided on the basis of *Owens.* (60 Ill. 2d 350, 359.) There is a like situation here. Sta-Ru, relying on the *Owens* exception, filed its complaint for an injunction in October of 1972, and the circuit court's decree was entered in April of 1974. Our opinion in *Illinois Bell* was not handed down until March of 1975. Thus, the trial court's judgment was entered at a time when the authority of *Owens* was clear. Under these circumstances we judge that the merits of this case should be decided on the basis of *Owens.*

Sta-Ru's contention is that the ownership of the disposable paper and plastic containers is passed to the customer when he purchases beverage or food. Therefore, it argues, Sta-Ru's purchase of the containers from its suppliers is not a taxable "sale at retail" within the

meaning of the ROTA, but instead is a purchase for resale which is exempt from taxation. The defendants, however, say that these paper and plastic products used by customers for on-premises consumption are not purchased by Sta-Ru for resale, since they are not resold by Sta-Ru for a separate consideration as required by the ROTA to be tax exempt. Since the plaintiff could use permanent or reusable dishes and glasses to serve customers on the premises the defendants contend that the use of the disposable containers for on-premises consumption is part of the cost of doing business.

We consider that there is a "sale at retail" when Sta-Ru purchases disposable containers from its suppliers for on-premises use by its customers and that the taxes assessed pursuant to Rule 51 are authorized under the ROTA and the Use Tax Act.

*American Airlines, Inc. v. Department of Revenue*, 58 Ill. 2d 251, involved a situation resembling the one here. American Airlines purchased food from a supplier which it served on flights to passengers. There was no separate charge; the cost of the meal was included in the price of the trip ticket. The trial court denied American Airline's petition for an injunction, holding that the sales to American were sales at retail within the meaning of the ROTA. On appeal the court rejected American's argument that it resold the food to its passengers for a valuable consideration. This court stated:

> " '[A] sale is one for use and consumption and not for resale, even though the purchaser transfers the commodity purchased, provided he does not transfer it for a direct and specific consideration.' *Fefferman v. Marohn*, 408 Ill. 542, 547; in accord, *Modern Dairy Co. v. Department of Revenue*, 413 Ill. 55, 62-63.
>
> *** As we have observed above, the evidence showed that meals were not separately considered and charged but were treated as an operating

expense of American. Consideration must be bargained for. [Citations.] Obviously there was no bargain as to the meal American would serve the passenger and the charge he would pay. Here American was essentially selling transportation by air, and that is what its passengers were purchasing. There was no sale of the meals within the meaning of section 1 of the ROT Act (par. 440)." 58 Ill. 2d 251, 257-58.

The court in *American Airlines* referred to *Theo. B. Robertson Products Co. v. Nudelman,* 389 Ill. 281, where the plaintiff vendors sold paper, tissue, paper napkins and similar items to hotels, restaurants and office buildings, which furnished them to their guests and tenants. The vendors also made the argument that the items were purchased for resale, since their buyers added the cost of the items to the overall prices they charged. The court. stated:

"That no direct charge for these commodities is made by hotels or office buildings, in the generally accepted sense of making a sale, is admitted. *** While these items must be counted a part of the operating cost of the business and such cost may be said, therefore, to enter into the matter of fixing charges, the same is true in the case of furniture and other like equipment, linen towels and metal or glass cups. No thought of transfer or resale is indulged. Hotels and office buildings are not in the business of selling paper napkins, tissue, cups, plates and the like, but they are in the business of running a hotel or an office building or the like." 389 Ill. 281, 285-86.

We believe that the holdings in *American Airlines* and *Robertson Products* apply to the present case. No separate charge is made by Sta-Ru for the disposable containers furnished its customers. Obviously, Sta-Ru is in the business of selling food and beverages, not disposable

containers, and it is the food or beverage which its customers come to purchase. As in *American Airlines* and *Robertson Products,* Sta-Ru provides the plastic and paper containers as a part of its standard method of doing business. There is no resale of the containers to the customers within the meaning of the ROTA. Rather, the cost of the containers used to serve food on its premises is a cost of doing business as would be the cost of permanent dinnerware.

Sta-Ru's contention that the containers are resold since their ownership is transferred to the customer with no right in Sta-Ru to reclaim possession is hardly convincing. Beyond the fact that no separate consideration is paid for the containers, it is conceded that the containers are not reusable. The customer acquires nothing of permanent benefit. The containers are consumed or used by Sta-Ru in a business sense when it serves the food or beverage. We would point out, too, that in *American Airlines* and *Robertson Products* the plaintiffs, of course, had no right to reclaim the meals or products they provided.

The appellate court's reliance on *Belleville Dr. Pepper v. Korshak,* 36 Ill. 2d 352, in holding that the disposable containers were resold within the meaning of the statutes was erroneous. In that case the plaintiff brought an action to enjoin the Department of Revenue from imposing and collecting the tax on its purchase of bottles, cartons and shells. The stipulation of facts showed that the plaintiff's customers paid a deposit on the bottles and containers, which was admittedly less than the cost of the containers. Possession of the containers was turned over to the customer without any right of reclamation. It was further stipulated that many of the bottles and containers were never returned, but instead were retained and used by customers for various household purposes. This court upheld the circuit court's injunction, holding that the sale of the containers was not a sale for use or consumption and that the purchases were not taxable.

338

*Belleville Dr. Pepper* is clearly distinguishable. There a separate consideration, the "deposit," was made for the containers. It is true, as Sta-Ru says, that the deposit was less than the actual cost of the bottles and the balance of the cost was included in the price charged for the beverage. But this factor was immaterial to the holding in *Belleville Dr. Pepper,* for courts generally will not inquire into the adequacy of consideration (*Ryan v. Hamilton,* 205 Ill. 191, 197; Corbin, Contracts sec. 127 (2d ed. 1963).) There was, in fact, a separate consideration given. Too, unlike the case here, the bottles and other containers in *Belleville Dr. Pepper* were reusable by the customers.

For the reasons given, the judgments of the circuit and appellate courts are reversed.

*Judgments reversed.*