TIVOLI ENTERPRISES, INC., Plaintiff-Appellant, v. KENNETH ZEHNDER, as Director of Revenue, *et al.*, Defendants-Appellees.

Second District   No. 3—97—0495

Opinion filed June 16, 1998.

Katriina Salmi, Jerome Weiner, and Brian L. Wolfberg, all of Schain, Firsel & Burney, Ltd., of Chicago, for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Susan Frederick Rhodes, Jill A. Dougherty, and Michael P. Doyle, Assistant Attorneys General, of counsel), for appellees.

JUSTICE DOYLE delivered the opinion of the court:

This appeal addresses the propriety of a use tax assessment that the Illinois Department of Revenue (Department) issued against plaintiff, Tivoli Enterprises, Inc. The central issue is whether a Department regulation required plaintiff to pay a use tax on its purchase of items (paper and plastic cups, lids, tubs, straws, and napkins) that it used in conjunction with its sale of soft drinks and popcorn at its concession counters in its movie houses.

The facts are not in dispute. Plaintiff operates 15 movie houses in Illinois. Each of plaintiff's movie houses has a darkened viewing area

with seats where customers view movies. Doors separate the viewing area from other areas of the movie houses so that light will not disturb customers viewing movies.

Each of plaintiff's movie houses has a separate area, commonly referred to as the lobby. In the lobby of each of the movie houses, plaintiff operates a concession counter where plaintiff sells soda pop, popcorn, and candy to customers. Plaintiff does not provide tables or chairs in the concession counter areas for customers to consume the items they have purchased. Customers typically consume the items in the viewing area.

At its concession counters, plaintiff sells the soda pop in disposable paper or plastic cups with disposable plastic lids. Plaintiff sells the popcorn in disposable tubs. Plaintiff sells the candy in wrappers provided by the candy manufacturer. Plaintiff also provides paper napkins and straws to customers who purchase items at the concession counters.

Plaintiff purchases the cups, lids, tubs, straws, and napkins (disposable concession items) that it uses at its concession counters from a supplier. During the period from January 1993 through December 1995, plaintiff did not pay a use tax to the supplier when it purchased disposable concession items from the supplier.

In 1996, following an audit, the Department assessed taxes and interest against plaintiff in the amount of $47,891. Of that amount, $29,061 was for plaintiff's nonpayment of use taxes to its supplier when it purchased the disposable concession items.

On July 19, 1996, plaintiff paid the Department the full assessment amount of $47,891. Of that amount, plaintiff paid $29,061 under protest. This represented the part of the assessment for the nonpayment of use taxes related to plaintiff's purchases of the disposable concession items. Plaintiff made the payment under protest pursuant to the State Officers and Employees Money Disposition Act (30 ILCS 230/1 *et seq.* (West 1996)).

On August 9, 1996, plaintiff filed a verified complaint in the circuit court. The complaint named the director of the Department and the State treasurer as defendants. Count I of the complaint sought declaratory and injunctive relief on the ground that the Department misapplied its regulations when it imposed the use tax on plaintiff's purchases of the disposable concession items. Counts II and III sought declaratory judgment and injunctive relief on the ground that the imposition of the tax violated plaintiff's rights under the state and federal constitutions.

The parties filed cross-motions for summary judgment. On May 6, 1997, after extensive briefings and a hearing on the matter, the trial

court entered an order granting defendants' motion for summary judgment and denying plaintiff's motion for summary judgment. On May 23, 1997, the trial court issued an order entering judgment against plaintiff in the amount of $29,061 as to count I of plaintiff's complaint. The circuit court also entered judgment in favor of defendants as to counts II and III of plaintiff's complaint. Finally, the order dissolved a preliminary injunction that had restrained the State from transferring the funds that plaintiff had paid under protest into its general funds. Plaintiff's timely appeal followed.

On appeal, plaintiff does not contest the judgment against counts II and III of its complaint. Rather, plaintiff alleges error only as to count I. Consequently, this appeal concerns only count I of plaintiff's complaint. See *Kincaid v. Ames Department Stores, Inc.*, 283 Ill. App. 3d 555, 570 (1996) (issues not raised or argued before appellate court are deemed waived).

At issue on appeal, as it was in the circuit court, is the construction of the relevant parts of section 130.2070 of Title 86 of the Illinois Administrative Code (86 Ill. Adm. Code § 130.2070 (1998)). The parties agree that section 130.2070 embodies the Department's governing regulations regarding the taxation of purchases such as those made by plaintiff when it purchased the disposable concession items. However, the parties disagree as to whether section 130.2070 requires the taxation of plaintiff's purchases.

Section 130.2070 provides, in relevant part, as follows:

"130.2070 Sales of Containers, Wrapping and Packing Materials and Related Products

a) Definition

When used in this Regulation, the term 'containers' includes all containers, wrapping and packing materials, bags, twines, container handles, wrapping papers, gummed tapes, cellophane, boxes, bottles, drums, cartons, sacks or other packing, packaging, containing and wrapping materials in which tangible personal property may be contained.

b) Sales for Resale

1) Sellers of containers to purchasers who sell tangible personal property contained in such containers to others are deemed to make sales of such containers to purchasers for purposes of resale, the receipts from which sales are not subject to the Retailers' Occupation Tax, if the purchasers of such containers transfer the ownership of the containers to their customers together with the ownership of the tangible personal property contained in such containers.

2) For example, a sale of fruit boxes to a packer who fills the boxes with fruit and sells the fruit in such boxes is a sale

of the boxes to the packer for resale by him. There is no difference between a returnable container whose ownership is transferred with a deposit being taken and a nonreturnable container. Although sales of containers to purchasers who retransfer such containers to others as an incident to engaging in a service occupation are not subject to the Retailers' Occupation Tax, such transactions are subject to the Service Occupation Tax (see Subpart A of the Service Occupation Tax Regulations).

c) Sales For Use or Consumption

\* \* \*

4) Sales of paper napkins, drinking straws, paper cups and paper plates to restaurants (including drive-in restaurants) and other vendors of food or beverages for use on the premises as serving equipment in lieu of more durable kinds of serving equipment (such as linen napkins, metal drinking straws, glass or porcelain cups and plates) are taxable retail sales. Sales of paper napkins, drinking straws, paper cups and paper plates to food or beverage vendors are nontaxable sales for resale if the items are resold for a direct and specific charge, or if the items are employed as containers for food or beverages contained therein and are transferred with the food or beverages to the purchaser thereof either by being delivered by the food or beverage vendor away from his premises to his customers or by being delivered on the premises of the food or beverage vendor to customers who take the packaged food or beverages away from such premises with them for consumption elsewhere (i.e., the so-called 'carry-out trade'). In general, it may be assumed that paper sacks, boxes, cartons and paper cups with lids, when sold to a food or beverage vendor, are for resale within the meaning of this paragraph. The same is true of paper cups which are used in serving beverages or other tangible personal property from a vending machine." 86 Ill. Adm. Code § 130.2070 (1998).

Plaintiff contends that subsections (a) and (b) of section 130.2070 set out a general rule regarding the taxation of the purchase of containers and related products. In plaintiff's view, the general rule regarding taxation of such items is that, when such items are sold to a merchant who later uses the items as containers and sells another product in the container, then the sale of the item to the merchant is not taxable under either the Retailers' Occupation Tax Act (35 ILCS 120/1 *et seq.* (West 1996)) or the Use Tax Act (35 ILCS 105/1 *et seq.* (West 1996)) because the sale to the merchant is deemed a sale for resale. Plaintiff argues that the disposable concession items it purchased were items subject to the general rule and, therefore, the purchases were not taxable.

Plaintiff acknowledges that, in certain circumstances, the sale of containers is taxable under section 130.2070. More specifically, plaintiff notes subsection (c)(4) of section 130.2070. Plaintiff reads subsection (c)(4) of section 130.2070 to require the taxation of the purchase of containers in the following circumstances: where the ownership of the containers will not be transferred to another, *e.g.*, the purchase of porcelain plates and cups that are used to serve food and beverages to customers in a restaurant; and where disposable containers are used in lieu of more durable serving equipment, *e.g.*, containers used by fast-food restaurants that serve meals in paper containers and cups.

However, plaintiff asserts that subsection (c)(4) of section 130.2070 also creates an exception from taxation for the purchase of containers used in situations such as delivery and carry-out settings. Plaintiff argues that this exception applies to its purchases of the disposable concession items because it uses the items as containers for food and beverages that its customers carry away from the concession counter premises. Plaintiff considers the viewing area of its movie houses to be separate premises from the concession counter area. Thus, plaintiff asserts that its sale of soda pop and popcorn at its concession counters is essentially like a carry-out operation.

Finally, plaintiff contends that subsection (c)(4) of section 130.2070 sets out a general assumption that containers sold to a food vendor "are for resale" and therefore are not taxable. Plaintiff argues that under this assumption the Department should have assumed that plaintiff's purchases were nontaxable sales for resale.

Defendants respond that the circuit court properly determined that section 130.2070 required the taxation of plaintiff's purchases of the disposable concession items. Defendants maintain that the circuit court correctly found that the items were used on the premises and in lieu of more durable food serving equipment and therefore plaintiff's purchases of the items were taxable events.

■ We first note our standard of review. A trial court may render summary judgment if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1996). When the parties file cross-motions for summary judgment, they agree that only a question of law is involved and invite the court to decide the issues on the record. *Western States Insurance Co. v. Louis E. Olivero & Associates*, 283 Ill. App. 3d 307, 309-10 (1996). In an appeal from a grant of summary judgment, a reviewing court conducts a *de novo* review. *Milwaukee Safeguard Insurance Co. v. Selcke*, 179 Ill. 2d 94, 98 (1997).

■ In this case, we must decide whether a department regulation requires plaintiff to pay a use tax. The Use Tax Act imposes a tax on

the privilege of using in this state tangible personal property that is purchased at retail from a retailer. 35 ILCS 105/3 (West 1996). The Act defines "use" as "the exercise by any person of any right or power over tangible personal property incident to the ownership of that property." 35 ILCS 105/2 (West 1996). "Purchase at retail" is defined as "the acquisition of the ownership of or title to tangible personal property through a sale at retail." 35 ILCS 105/2 (West 1996). A "sale at retail" is defined as follows:

"[A]ny transfer of the ownership of or title to tangible personal property to a purchaser, for the purpose of use, and not for the purpose of resale in any form as tangible personal property to the extent not first subjected to a use for which it was purchased, for a valuable consideration ***." 35 ILCS 105/2 (West 1996).

Here, the issue is whether plaintiff purchased the disposable concession items for resale. The parties agree that if the purchases were for resale then neither the Retailer's Occupation Tax Act nor the Use Tax Act would impose a tax on the purchases. In order to resolve this issue, we must construe section 130.2070, the Department's governing regulation.

■ The Department's regulations have the force and effect of law and are construed under the same standards governing the construction of a statute. *Union Electric Co. v. Department of Revenue*, 136 Ill. 2d 385, 391 (1990). A primary rule of statutory construction is to ascertain and give effect to the legislative intent through consideration of the language used in the statute. *Bridgestone/Firestone, Inc. v. Aldridge*, 179 Ill. 2d 141, 149 (1997). We must give the language used in the statute its plain and ordinary meaning, evaluating the statute as a whole, with each provision construed in connection with every other section. *Paris v. Feder*, 179 Ill. 2d 173, 177 (1997).

■ In this case, plaintiff first contends that subsections (a) and (b) of section 130.2070 set out a general rule that applies to its purchases of the disposable concession items. Plaintiff asserts that under this general rule its purchases were sales for resale and therefore were nontaxable.

Plaintiff's contention ignores subsection (c)(4) of section 130.2070, which applies the general rule specifically to restaurants and "other vendors of food or beverages." 86 Ill. Adm. Code § 130.2070(c)(4) (1998). Plaintiff is clearly a vendor of food and beverages when it operates its concession counters.

It is a fundamental rule of statutory construction that where a general provision and a specific provision that both relate to the same subject exist, either in the same or another statute, the specific provision controls and should be applied. *People v. Villarreal*, 152 Ill. 2d

368, 379 (1992). In this case, subsections (a), (b), and (c)(4) of section 130.2070 relate to the same subject, the taxation of the purchase of containers and related products. Although all of these subsections could be construed to apply to plaintiff's purchases, subsection (c)(4) is more specific in that it specifically governs purchases by vendors of food and beverages while subsections (a) and (b) govern purchases by anyone. Consequently, subsection (c)(4) is controlling in this case, and plaintiff's reliance on the general rule set out in subsections (a) and (b) is misplaced.

Plaintiff next contends that even if subsection (c)(4) is controlling it does not require the taxation of its purchases. Plaintiff maintains that by its plain language subsection (c)(4) requires taxation only if the items in question are used "on the premises as serving equipment in lieu of more durable kinds of serving equipment (such as linen napkins, metal drinking straws, glass or porcelain cups and plates)." 86 Ill. Adm. Code § 130.2070(c)(4) (1998). Plaintiff asserts that taxation of its purchases is not required because the items in question were used neither on the premises nor in lieu of more durable kinds of serving equipment.

Plaintiff also notes that subsection (c)(4) provides that sales of items such as those in question here are nontaxable sales for resale "if the items are employed as containers for food or beverages contained therein and are transferred with the food or beverages to the purchaser thereof *** by being delivered on the premises of the food or beverage vendor to customers who take the packaged food or beverages away from such premises with them for consumption elsewhere (*i.e.*, the so-called 'carry-out trade')." In plaintiff's view, its customers do just that when they purchase soda pop and popcorn contained in paper cups and tubs at its concession counters and take these items into the viewing areas to consume the soda pop and popcorn. Plaintiff argues that subsection (c)(4) therefore does not require the taxation of plaintiff's purchases of the disposable concession items.

Defendants respond that our supreme court's decision in *Sta-Ru Corp. v. Mahin*, 64 Ill. 2d 330 (1976), is controlling and shows that the taxation of plaintiff's purchases under subsection (c)(4) was appropriate. The plaintiff in *Sta-Ru* operated six "Dairy Queen-Brazier restaurants," which sold food and beverages in nonreusable paper and plastic containers. The Dairy Queen customers consumed these purchases either on or off the premises. The plaintiff in *Sta-Ru* sought injunctive relief from the Department's attempt to impose a tax on the plaintiff's purchases of the containers under a Department rule that had identical language to the relevant parts of subsection (c)(4) of section 130.2070 of the Department's regulations (86 Ill. Adm. Code § 130.2070(c)(4) (1998)). *Sta-Ru*, 64 Ill. 2d at 332-33.

The plaintiff in *Sta-Ru* contended that its purchases of the containers were not taxable because the purchases were for resale and were therefore exempt from taxation. The plaintiff argued that the passage of ownership of the containers to its customers when they purchased food or beverages in the containers showed that its purchases were for resale. *Sta-Ru*, 64 Ill. 2d at 334-35. The plaintiff conceded that it did not separately charge its customers for the containers. *Sta-Ru*, 64 Ill. 2d at 333.

Our supreme court focused on the fact that the plaintiff in *Sta-Ru* did not separately charge its customers for the containers. The court stated that the plaintiff provided the containers "as a part of its standard method of doing business" and that "the cost of the containers used to serve food on its premises is a cost of doing business as would be the cost of permanent dinnerware." *Sta-Ru*, 64 Ill. 2d at 337. The court concluded that the "containers are consumed or used by Sta-Ru in a business sense when it serves the food or beverage." *Sta-Ru*, 64 Ill. 2d at 337. For these reasons, the court determined that the plaintiff's purchase of the containers was not for resale and was therefore taxable.

Here, defendants contend that this case is indistinguishable from *Sta-Ru*. Defendants maintain that in both cases the plaintiffs purchased disposable items for the purpose of serving food and beverages to their customers and that in both cases the plaintiffs did not separately charge their customers for the items. Defendants argue that this is enough for a determination, relying on *Sta-Ru*, that plaintiff's purchases in this case were taxable under subsection (c)(4).

Plaintiff responds by arguing that *Sta-Ru* is distinguishable from this case. Plaintiff contends that *Sta-Ru* addressed only the taxability of the purchase of containers used to serve food and beverages that were consumed on the vendor's premises. Plaintiff asserts that *Sta-Ru* did not address the taxability of the purchase of containers where the vendor's customers left the premises with the food and beverages. In plaintiff's view *Sta-Ru* is not controlling in this case because its customers leave the concession counter premises with the food and beverages they purchase there.

We agree with plaintiff that *Sta-Ru* is not controlling in this case if plaintiff's concession counter customers left the premises with their purchases. Although some of the customers in *Sta-Ru* did leave the Dairy Queen premises, we believe *Sta-Ru* applies only to the customers who did not leave the premises. Our understanding of *Sta-Ru* is buttressed by the words of subsection (c)(4) and the identical regulation in *Sta-Ru*, which provide that a vendor's purchase of items such as the disposable concession items is not a taxable sale for resale "if

the items are employed as containers for food or beverages contained therein and are transferred with the food or beverage to the purchaser thereof *** by being delivered on the premises of the food or beverage vendor to customers who take the packaged food or beverages away from such premises with them for consumption elsewhere (*i.e.*, the so-called 'carry-out trade')." 86 Ill. Adm. Code § 130.2070(c)(4) (1998); *Sta-Ru*, 64 Ill. 2d at 330. Thus, a critical issue in determining whether plaintiff's purchases were taxable is, as plaintiff contends, whether the items plaintiff purchased were employed as containers for food and beverages that were taken off the premises.

On that issue, plaintiff relies on *Canteen Corp. v. Department of Revenue*, 123 Ill. 2d 95 (1988). Plaintiff contends that, under the definition of "premises" set out in *Canteen*, its customers took the food and beverages that they purchased at its concession counters away from the concession counter premises. Plaintiff argues that this makes its purchases of the disposable concession items nontaxable under subsection (c)(4) of section 130.2070.

■ In *Canteen*, our supreme court addressed the question of the taxation of the sale of food and beverages from vending machines. The Retailers' Occupation Tax Act governed the taxation of such sales and provided that food not prepared for immediate consumption and "consumed off the premises where it is sold" was subject to a reduced tax rate. *Canteen*, 123 Ill. 2d at 98. In determining whether food and beverages sold from the vending machines were subject to the reduced tax rate, the court defined "premises" as follows:

> " 'Premises' in the context of vending machines is the area over which the vendor exercises control, whether by lease, contract, license or otherwise, and, in addition, the area in which facilities for eating are provided—that is, the area designated for, or devoted to, use in conjunction with the business engaged in by the vendor." *Canteen*, 123 Ill. 2d at 111.

Plaintiff asserts that we should use the same definition of premises in this case. Plaintiff maintains that, under this definition, when its customers take the food and beverages they purchase at its concession counters into the viewing areas of its movie houses, they take the food and beverages away from the concession counter premises. Plaintiff argues that under subsection (c)(4) this makes its purchase of the disposable concession items not taxable.

We agree with plaintiff that the use of the *Canteen* definition is appropriate in this case. We recognize that the definition was formulated in the context of vending machine sales. However, the applicability of the definition to the sale of food and beverages at concession counters is reasonable.

■ Applying the *Canteen* definition to this case shows that plaintiff's customers do not take their concession counter purchases away from the premises when they take their purchases into the viewing areas of the movie houses. The definition of premises used in *Canteen* has two aspects. First, the *Canteen* court stated that premises include "the area over which the vendor exercises control." *Canteen*, 123 Ill. 2d at 111. In this case, the record shows that plaintiff controls both the lobby area, including the concession counters, and the viewing areas in its movie houses. Thus, under the control aspect of the *Canteen* definition of premises, concession counter customers do not take their purchases away from the concession counter premises.

The second aspect of the definition of premises used in *Canteen* was "the area in which facilities for eating are provided—that is, the area designated for, or devoted to, use in conjunction with the business engaged in by the vendor." *Canteen*, 123 Ill. 2d at 111. Plaintiff contends that it provides no such facilities.

We disagree. We believe that the viewing areas of plaintiff's movie houses are such facilities. Even accepting plaintiff's position that the primary purpose of the viewing areas in its movie houses is for viewing movies and not for consuming food and beverages, we think the viewing areas are also facilities for consuming food and beverages sold by plaintiff at its concession counters. Plaintiff virtually concedes that the "facilities" required for consuming the food and beverages it sells at its concession counters would essentially consist of a place to sit down and consume the items (plaintiff consistently insists there are no facilities to consume the food and beverages near its concession counters because there are no chairs or benches there). The viewing areas are filled with places to sit down and consume the items purchased at the concession counters. Thus, plaintiff can hardly contend in good faith that the viewing areas in its movie houses are not designated for the consumption of the food and beverages it sells at its concession counters. Plaintiff's customers come to its movie houses to watch movies. This is done in the viewing area of the movie houses. In conjunction with the viewing of movies, plaintiff sells food and beverages to its customers at its concession counters and allows and expects its customers to consume these foods and beverages in the viewing areas. Under the definition of premises used in *Canteen*, the viewing areas of plaintiff's movie houses are therefore facilities for use in conjunction with its concession counter business. Thus, under the "facilities" aspect of the *Canteen* definition of premises, consumption of the food and beverages plaintiff sells at its concession counters occurs on the premises.

In sum, we conclude that the consumption of the food and bever-

ages that plaintiff sells at its concession counters occurs on the premises. Accordingly, plaintiff's argument that its purchases of the disposable concession items were not taxable because customers consume the packaged food and beverages off the premises fails.

Plaintiff's reliance on a decision of an appellate tax board in Massachusetts (*Hanover Mall Cinema, Inc. v. Commissioner of Revenue*, Mass. App. Tax Bd. Op. 1997—959 (October 17, 1997)) does not change our conclusion. The administrative agency that rendered the decision in that case construed a statute that was different from the regulation at issue here. We are not persuaded that the agency's analysis is applicable to this case.

■ Plaintiff next contends that its purchases of the disposable concession items were not for use "in lieu of more durable kinds of serving equipment" and therefore were not taxable under subsection (c)(4). Plaintiff asserts that, in view of the nature of a movie house concession counter, where the items purchased are carried into the viewing area, it would be impractical and illogical for it to use more durable serving equipment than the equipment it uses.

As all movie house operations are not identical, it is conceivable that reasonable minds might differ over the practicality of using more durable serving equipment in connection with a particular serving operation. Plaintiff's opinion that using more durable serving equipment at its concession counters would be impractical or illogical does not bear upon the determination that plaintiff has opted to use the disposable concession items in lieu of more durable equipment. The regulation requires no more than that. Consequently, we conclude that plaintiff uses the disposable concession items "in lieu of more durable kinds of serving equipment" as those terms are used in subsection (c)(4) (86 Ill. Adm. Code § 130.2070(c)(4) (1998)). Accordingly, plaintiff's in-lieu-of argument fails.

■ Plaintiff next notes that subsection (c)(4) expresses an assumption that the purchase of items such as the disposable concession items is not taxable. Plaintiff argues that under this assumption its purchase of the disposable concession items was not taxable.

We disagree. Under the language of subsection (c)(4), the purchase of containers and related items is plainly taxable when the items are used by a vendor of food and beverages on its premises in lieu of more durable kinds of serving equipment. We have already established that plaintiff's purchases of the disposable concession items were for the use of these items on its premises and in lieu of more durable serving equipment. Thus, the assumption set out in subsection (c)(4) has been overcome in this case.

■ Finally, plaintiff contends that recent identical amendments to

the Retailers' Occupation Tax Act and the Use Tax Act show that the legislature never intended that a use tax should apply to its purchases of the disposable concession items. The amendments that plaintiff cites became effective August 1, 1997, and added the following language to both the Retailers' Occupation Tax Act and the Use Tax Act:

> "Nonreusable tangible personal property that is used by persons engaged in the business of operating a restaurant, cafeteria, or drive-in is a sale for resale when it is transferred to customers in the ordinary course of business as part of the sale of food or beverages and is used to deliver, package, or consume food or beverages, regardless of where consumption of the food or beverages occurs. Examples of those items include, but are not limited to nonreusable, paper and plastic cups, plates, baskets, boxes, sleeves, buckets or other containers, utensils, straws, placemats, napkins, doggie bags, and wrapping or packaging materials that are transferred to customers as part of the sale of food or beverages in the ordinary course of business." Pub. Act 90—289, § 10, eff. August 1, 1997 (amending 35 ILCS 105/2 and 35 ILCS 120/1 (West 1996)).

The parties agree that these amendments changed existing law by making purchases of nonreusable tangible personal property such as the cups, lids, tubs, straws, and napkins at issue in this case nontaxable regardless of whether the consumption of the food and beverages served in and with the items occurs on or off the premises of a restaurant, cafeteria, or drive-in that purchases the items. However, the parties disagree as to the effect of the amendments, if any, on the taxation of plaintiff's purchases.

Plaintiff argues that the amendments show that the legislature never intended that the purchase of items such as the disposable concession items by a concession counter operator should be taxed. Plaintiff maintains that this legislative intent is shown by the fact that the amendments do not specifically refer to concession counters. Plaintiff reasons that it was unnecessary for the amendments to refer specifically to concession counters because purchases by concession counters were not subject to taxation under section 130.2070.

We agree with the parties that the amendments changed existing law. There is a rebuttable presumption that the legislature intends a change in the law when it amends a statute. *Weast Construction Co. v. Industrial Comm'n*, 102 Ill. 2d 337, 340 (1984). Our examination of the record reveals nothing that rebuts that presumption in this case.

However, we cannot agree with plaintiff that the change in the law in question here shows that the legislature never intended that plaintiff's purchases were subject to taxation. We find nothing in the

amendments that indicates that our construction of section 130.2070 of the Department's regulations, as applied to time periods prior to the effective date of the amendments, should have been different with respect to purchases such as plaintiff's.

Based on the foregoing, the judgment of the circuit court of DuPage County is affirmed.

Affirmed.

COLWELL and THOMAS, JJ., concur.